Jose JOHNSON, Plaintiff,

v.

SOFT DRINK WORKERS UNION, LOCAL 812, a/w International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, Pepsico, Inc., Pepsi-Cola Company, Pepsi-Cola Bottling Company, Inc. d/b/a Pepsi-Cola Bottling Group, Defendants.

No. 83 Civ. 2388(MP).

United States District Court,
S.D. New York.

Aug. 18, 1983.

Andrew P. Mantovani, New York City, for plaintiff.

Shapiro, Shiff, Beilly, Rosenberg & Fox by Sidney Fox, New York City, for Soft Drink Workers Union, defendant.

Kilpatrick & Cody by David Palmer, Joseph W. Dorn, Washington, D.C., for Pepsi-Cola defendants.

## MEMORANDUM

MILTON POLLACK, District Judge.

Plaintiff brings this action against his former employer and his union claiming that the union breached its duty of fair representation to him in connection with the arbitration proceedings regarding his discharge. The Pepsi-Cola defendants have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The defendant union has moved to dismiss the complaint for failure to state a claim and for summary judgment. For reasons stated below, the motions for summary

judgment are granted and the complaint is dismissed.

*Summary of Underlying Events*

Until April 6, 1982, Jose Johnson was employed by Pepsi-Cola at its Long Island City, New York facility. While employed at Pepsi, he was a member of the defendant Soft Drink Workers Union, Local 812. On April 6, 1982, plaintiff was discharged for dishonesty after he was caught stealing from Pepsi-Cola. The collective bargaining agreement in effect between the parties provides as follows:

> Either COMPANY may discharge any employee for dishonesty or drunkenness during time of employment, and if the UNION disputes the employee's guilt of dishonesty or such drunkenness, it may refer such dispute to arbitration as provided for above.

> If either COMPANY desires to take disciplinary action against any employee for any reason other than dishonesty or drunkenness during the time of employment, it shall consult the UNION, and in the event the parties disagree as to the extent of the discipline to be imposed, their dispute shall be referred to arbitration as hereinabove provided and the Arbitrator shall determine whether any discipline shall be imposed, and if so, the extent of the discipline.

> No employee shall be laid off pending arbitration of his case.

Article 13, June 1, 1981, collective bargaining agreement.

Thus, Pepsi-Cola summarily discharged Johnson, relying on the first paragraph of this contract. Subsequently, pursuant to the collective bargaining agreement, the union demanded arbitration. In this demand, they asserted:

> The issue to be arbitrated is the dismissal by the Company of Jose Johnson. We assert such dismissal to be improper and demand reinstatement with full back pay.

Letter to Silverman, April 12, 1982. Exhibit D, Motion of Soft Drink Workers Union to Dismiss.

Upon his request, plaintiff Johnson was represented by his own attorney at the arbi-

tration proceeding. This same attorney represents him in this action. The arbitrator denied Johnson's claim and stated:

> The Company was justified in dismissing Jose Johnson. The Union grievance on behalf of Johnson is denied.

Exhibit F, Motion of Soft Drink Workers Union to Dismiss.

Following this denial of his reinstatement and back pay claims, Johnson again contacted the union to request further arbitration. Johnson claimed that he realized at that point for the first time that the collective bargaining agreement prevented Pepsi-Cola from summarily dismissing him. He thus requested that the Union again request arbitration. On January 20, 1983, the union did request arbitration of this claim. The arbitrator has not yet ruled on whether the prior arbitration decided the issue underlying the second grievance or whether he will grant the request of the union to arbitrate. Nonetheless, plaintiff commenced this action.

*Elements of a Fair Representation Claim*

■ Ordinarily, an employee asserting that his employer has breached the collective bargaining agreement must exhaust any arbitration or grievance procedures in the agreement and is bound by the results of that determination subject to limited judicial review. Nonetheless, since *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), it has been recognized that in order to protect the employee from union action that is discriminatory, dishonest, arbitrary or perfunctory, the employee may proceed against the union and the employer when the union has breached its duty of fair representation. *DelCostello v. International Brotherhood of Teamsters,* —— U.S. ——, ———-———, 103 S.Ct. 2281, 2289–92, 76 L.Ed.2d 476 (1983). In order to make out such a claim, however, the employee must show both that the union breached its duty of fair representation and that the employer breached the collective bargaining agreement. *Id. See also, Vaca, supra; Palancia v. Roosevelt Raceway, Inc.,* 551 F.Supp. 549 (E.D.N.Y.1982).

The basis of plaintiff's claim in this action is that the union breached its duty of

fair representation by failing to argue at the arbitration proceeding that Johnson should not have been summarily discharged upon the accusation of dishonesty. Similarly, he argues that the employer breached the contract by discharging him before the final arbitration award. Thus, an analysis of plaintiff's claim must begin with construction of Article 13 of the collective bargaining agreement set forth above.

Plaintiff asserts that Article 13 prohibits the employer from laying off an employee pending the outcome of the arbitration, even if the employee was accused of dishonesty or drunkenness. Plaintiff argues that a clear reading of the contract compels such a conclusion and that it is therefore not necessary to rely upon extrinsic evidence of the parties' intent. The Court's reading of the contract results in the conclusion that the employer can summarily discharge employees for dishonesty or drunkenness. In addition, all of the extrinsic evidence before the Court on this summary judgment motion demonstrates without contradiction that this latter interpretation, permitting summary discharge for dishonesty, gives effect to the intent of the parties at the time of contracting.

Plaintiff's entire argument rests on the assertion that the sentence of Article 13 proscribing lay offs pending arbitration "for any reason other than dishonesty or drunkenness during the time of employment," prohibits summary discharge for dishonesty. The plaintiff ignores the clear wording of the first paragraph of this Article which allows such summary action and then provides for arbitration of discipline for reasons other than dishonesty or drunkenness. The agreement treats employee dishonesty and drunkenness as special circumstances meriting immediate lay off. The right to arbitration without lay off is not tied to discharge for dishonesty.

The additional evidence available herein totally supports this Court's interpretation of the contract as having allowed summary dismissal for dishonesty. The permanent arbitrator has construed this Article to allow summary discharge. The president of the defendant union submitted

an affidavit hereon stating that the right of the employer to summarily discharge employees for dishonesty was clearly established during the course of the contract negotiations. Thus, even if this Court did not hold that the contract unambiguously allowed summary discharge, the contract interpreted in light of the evidence regarding negotiation would compel such a holding.

Thus, as the plaintiff cannot establish the essential prong of his claim that the employer breached the collective bargaining contract, his claim that the union breached its duty of fair representation necessarily fails. In addition, plaintiff cannot show that the union failed to fulfill its duty of representation.

Johnson's affidavit asserts that the union did not actively assist him in his claim. Yet, the failure of the union to raise an argument that the arbitrator had previously rejected and that was in conflict with the intent of the parties at the negotiation of the contract do not rise to the level of inadequate representation.

*Conclusion*

There is no genuine issue of material fact and the motions of the defendants for summary judgment are granted.

SO ORDERED.