**Carrie PATRICIA, Plaintiff,**

v.

**DELFORD INDUSTRIES, INC., Local 546, United Rubber, Cork, Linoleum & Plastic Workers of America, and United Rubber, Cork, Linoleum & Plastic Workers of America, AFL–CIO, CLC International Union, Defendants.**

No. 84 Civ. 4286 (SWK).

United States District Court, S.D. New York.

May 20, 1987.

---

Shneyer & Shen, New York City, by Michael Shen, for plaintiff.

Oxfeld, Cohen & Blunda, Newark, N.J. by Sanford R. Oxfeld, for defendants Local

546, United Rubber, Cork, Linoleum & Plastic Workers of America and United Rubber, Cork, Linoleum & Plastic Workers of America, AFL–CIO, CLC Intern. Union.

Delson & Gordon, New York City by Ralph P. Katz, for defendant Delford Industries, Inc.

KRAM, District Judge.

This action arises under Section 301(a) of the Labor Management Relations Act of 1947 (the "LMRA"), 29 U.S.C. § 185(a). Plaintiff Carrie Patricia ("Patricia") brings this action against defendants Delford Industries, Inc. ("Delford"), her former employer, Local 546, United Rubber, Cork, Lineoleum & Plastic Workers of America ("Local 546") and United Rubber, Cork, Linoleum & Plastic Workers of America, AFL–CIO, CLC International Union ("International Union"), Patricia's bargaining representatives, for violation by Delford of the collective bargaining agreement in allegedly discharging Patricia without cause and for violation by Local 546 and the International Union of their duty of fair representation by their alleged failure to properly process Patricia's grievance with Delford.

The action is presently before the Court on the following motions: (1) Local 546 and International Union's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, (2) Delford's motion for summary judgment pursuant to Rule 56, (3) Patricia's cross-motion for summary judgment pursuant to Rule 56, and (4) Patricia's motion for leave to amend her complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. For the reasons set forth below, Local 546's, Delford's and Patricia's motions for summary judgment are denied, the International Union's motion for summary judgment is granted, and Patricia's motion to amend is granted.

## FACTS

Patricia was an employee in the coil and pack and splicing department at Delford for nineteen years from September 28, 1964 until her discharge on August 10, 1983. During this time she was a member in good standing of the bargaining unit represented by Local 546. Local 546 and Delford were, at all relevant times, parties to a collective bargaining agreement which governed the terms and conditions of employment at Delford. Under this agreement, Local 546 was the exclusive bargaining representative for its members for the purposes of grieving and advancing grievances to arbitration.

Patricia alleges—and Delford does not dispute—that it was a frequent practice at Delford for supervisory personnel to order employees to temporarily transfer to other jobs to which they were not normally assigned. Patricia alleges that, if an employee objected to such temporary reassignment, the supervisor would invariably warn the employee to work as ordered or be fired. Patricia claims that, as was the case with other employees, she too had often been so ordered. Patricia also claims that, although she had objected to working in departments which were almost exclusively male because she objected to the constant swearing and sexual harrassment, she had always acquiesced when directed to work in these departments as she had always explicitly been told that she would be fired if she did not.

On August 9, 1983, Patricia's supervisor directed her to work in the extrusion department, one of the departments in which she disliked working. When Patricia complained, her supervisor gave her the choice of working in the extrusion department or going home. Patricia chose to go home. When she returned to work on the following day, she was informed that she had been terminated because of her refusal to work in the extrusion department the day before.

Delford's agreement with Local 546 provides that employees may not be fired "without good and sufficient cause." Patricia claims that she did not think that she would be fired for going home, that, because she was not told to work in the extrusion department or be fired, as she had before, she assumed she might merely not be paid for the afternoon, and that, had

she been told that she would be fired if she did not work there, she would have worked there on the day before. Patricia also claims that the misunderstandings occurred because Delford had recently implemented a policy of using more polite language and behavior with its employees and that, although Local 546 was aware of the new policies, the employees had not yet been informed of this policy change.

In accordance with the terms of the collective bargaining agreement grievance provisions, Patricia filed a grievance with Local 546. A grievance meeting was held on August 12, 1983, at which representatives of Local 546 attempted to have Patricia reinstated with no penalty. However, Patricia refused Delford's only offer, to return her to work at an entry level position whereby she would lose her seniority and have her salary reduced.

According to the terms of the collective bargaining agreement, the membership of Local 546 determines which cases shall proceed to arbitration. On September 9, 1983 Local 546 voted to take Patricia's case to arbitration.

Local 546 then decided to reconsider their decision. The Vice President of Local 546 convened an Executive Board meeting at which Patricia's case was discussed. Patricia was not notified of this meeting. Local 546 alleges that three events prompted reconsideration: (1) the New York State Department of Labor issued a determination on Patricia's unemployment claim on October 19, 1983 which found that Patricia had lost her employment through misconduct, (2) Local 546 had expended considerably more time and monies than it had anticipated in enforcing a prior arbitration award against Delford, and (3) Local 546's attorney had advised that Patricia had a weak case. Local 546 then convened a special membership meeting to again vote on Patricia's grievance. Local 546 posted notice of the December 15, 1983 meeting at the Delford factory, but did not otherwise notify Patricia of the meeting, and she did not attend.

The same considerations presented to the Executive Board were presented to the membership at that meeting. A secret ballot was held and the membership voted to withdraw Patricia's case from arbitration. Patricia alleges that the information provided to the membership at the meeting was biased, misleading and inaccurate and that it was based on sexual bias against women and resentment of union members towards Patricia because of her complaints about sexual harrassment. On December 22, 1983, Local 546 notified Patricia that her case would not be brought to arbitration because of lack of funds.

Patricia applied for unemployment benefits. An administrative hearing was held on April 5, 1984. On April 24, 1984, the Administrative Law Judge filed an opinion in that proceeding which concluded that

[Patricia] was not aware that she would be discharged had she not carried out the assignment. On the contrary, the weight of the substantial evidence supports claimant's contention that had she been so advised she would have carried out the assignment. Accordingly, claimant did not cause her discharge through misconduct in the course of her employment.

Plaintiff then filed this complaint against Delford, Local 546 and the International Union in June 1984.

## DISCUSSION

### I. The Motions and Cross-Motion for Summary Judgment

The standards to be applied by a district court in deciding a motion for summary judgment have been clearly articulated in this Circuit. It is axiomatic that a motion for summary judgment lies only where there is no genuine issue of material fact. Fed.R.Civ.P. 56(c). In considering the motion, this Court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party. *Knight v. United States Fire Insurance Co.*, 804 F.2d 9, 11 (2d Cir.1986). The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v.*

*S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The movant may discharge this burden by demonstrating to the Court that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, —— U.S. ——, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The nonmoving party then has the burden of coming forward with "special facts showing that there is a genuine issue for trial," Fed.R.Civ.P. 56(e), and must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Speculation, conclusory allegations and mere denials are insufficient to raise genuine issues of material fact.

A. *Local 546 and the International Union's Motion for Summary Judgment*

Local 546 and the International Union move for summary judgment as to them on the ground that Patricia has not stated facts sufficient to form the basis of a claim that the union breached its duty of fair representation to Patricia in that (1) the allegations of the complaint are conclusory and insufficient as a matter of law, (2) to the extent Patricia claims that a vote by the membership to determine which cases should go to arbitration violated her rights, Patricia did not have an absolute right to arbitration, and (3) the complaint fails to allege anything at all against International Union.

Patricia does not contest that her complaint fails to allege anything at all against the International Union. Patricia points out, however, that Local 546 and the International Union's motion for summary judgment is, in fact, a motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted. Patricia then argues that this motion must fail because her claim is not merely that Local 546's duty was to advance her grievance to arbitration; rather, it is that Local 546's perfunctory, arbitrary and/or discriminatory representation of Patricia constitutes an actionable breach of Local 546's duty of fair representation. Patricia further argues that whether Local 546's representation of her was perfunctory raises material issues of fact making the grant of summary judgment against her inappropriate.

The Court agrees. In order to make out a claim against Delford and Local 546, where the union has breached its duty of fair representation, Patricia must show both that the union breached its duty of fair representation and that the employer breached its collective bargaining agreement. *Johnson v. Soft Drink Workers Union, Local 812*, 568 F.Supp. 1203, 1204 (S.D.N.Y.1983) (citing *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 165, 103 S.Ct. 2281, 2291, 76 L.Ed.2d 476 (1983)). Patricia's complaint alleges both that Delford breached its collective bargaining agreement and that Local 546 and the International Union breached "their duty of fair representation by their failure to properly process plaintiff's grievance" and "[b]y reason of [their] arbitrary and bad faith conduct." Complaint ¶¶ 1, 21 and 34. Patricia's complaint also specifies the union's objectionable conduct which forms the basis of the complaint, Complaint ¶¶ 22–34, although Patricia acknowledges that additional information has come to light as a result of the discovery process.

Patricia's complaint therefore clearly states a cause of action against Local 546 as to which there exist material issues of fact regarding the union's conduct which are in dispute. Accordingly, Local 546 and the International Union's motion for summary judgment dismissing the complaint as to Local 546 must be denied. However, because Patricia has failed to make any specific allegations as to the International Union, summary judgment must be granted and the complaint dismissed as to the International Union.

B. *Delford's Motion for Summary Judgment*

Delford moves for summary judgment dismissing the complaint as to it first on the ground that, because Patricia's claim

did not proceed to arbitration, Patricia has not exhausted her internal contractual remedies. Delford's argument lacks merit.

While it is true that the law generally requires an employee to attempt to exhaust any grievance or arbitration remedies prior to initiation of a law suit, *e.g., Republic Steel Corporation v. Maddox,* 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965); *Pacilio v. Pennsylvania Railroad Company,* 381 F.2d 570 (2d Cir.1967); *District 65, United Auto Workers v. Harper and Row, Publishers, Inc.,* 576 F.Supp. 1468 (S.D.N.Y.1983), exhaustion of the grievance and arbitration procedures is not required where the union is accused of breaching its duty of fair representation and the employer of breaching its employment contract, *DelCostello,* 462 U.S. at 164, 103 S.Ct. at 2290; *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Furthermore, Patricia has attempted to exhaust her internal contractual remedies. Local 546 has made a final determination not to proceed to arbitration with her grievance, and Patricia's only recourse now is the instant action. Accordingly, Delford's motion for summary judgment on this ground must be denied.

Delford also argues that Patricia's claim must be dismissed because she fails to demonstrate that the union's investigation of her claim was perfunctory and that she was prejudiced as a result. The Court disagrees. Whether Local 546's treatment of Patricia was perfunctory, arbitrary or discriminatory presents disputed issues of fact, including Local 546's handling of the Patricia case. These issues cannot be decided on motion for summary judgment; they must await trial.

Accordingly, Delford's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is denied.

#### C. *Patricia's Cross-Motion for Summary Judgment*

Patricia cross-moves for summary judgment against Delford for a finding that Delford breached its collective bargaining agreement with Local 546 by firing Patricia "without good and sufficient cause" as is required by Article 11, Section 1, of the agreement between Delford and Local 546. Patricia argues that principles of res judicata and collateral estoppel attach to the April 24, 1984 decision of the Administrative Law Judge for the New York State Department of Labor Unemployment Insurance Board, who found that

> [Patricia] was not aware that she would be discharged had she not carried out the assignment. On the contrary, the weight of substantial evidence supports claimant's contention that had she been so advised she would have carried out the assignment. Accordingly, claimant did not cause her discharge through misconduct in the course of her employment.

The Supreme Court has described the doctrine of res judicata as follows:

> a right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies, and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified.

*Southern Pacific Railroad Co. v. United States,* 168 U.S. 1, 48–49, 18 S.Ct. 18, 27, 42 L.Ed. 355 (1897). The doctrine of collateral estoppel is a narrower species of res judicata which precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same. Restatement (Second) of Judgments § 27 (1982).

Res judicata effect may attach to a determination of an administrative agency "[w]hen an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate." *United States v. Utah Construction & Mining Co.,* 384 U.S. 394, 86

S.Ct. 1545, 16 L.Ed.2d 642 (1966). The New York courts have determined that conclusive effect may be given to the determination of an Administrative Law Judge for the New York State Department of Labor Unemployment Insurance Board, at least where that determination had been affirmed by the Unemployment Appeal Board and ultimately the Appellate Division of the New York State Supreme Court. *See Ryan v. New York Telephone Co.*, 62 N.Y.2d 494, 467 N.E.2d 487, 478 N.Y.S.2d 823 (1984).

 Here, however, the Administrative Law Judge determined only that Patricia "did not cause her discharge through misconduct." Patricia cannot now parlay that determination into the further proposition that Delford fired her "without good and sufficient cause," thus breaching its collective bargaining agreement with Local 546. This is because it is possible to have "good and sufficient cause" without actual "misconduct." The doctrine is operative only as to facts actually litigated and decided; facts which might have been decided but were not are not precluded. *Id.* (citing *Last Chance Mining Co. v. Tyler Mining Co.*, 157 U.S. 683, 687, 15 S.Ct. 733, 734, 39 L.Ed. 859 (1895)).

Accordingly, Patricia's motion for summary judgment against Delford pursuant to Rule 56 of the Federal Rules of Civil Procedure is denied.

II. *Patricia's Motion to Amend her Complaint*

 Patricia moves to amend her complaint to conform the complaint to evidence regarding the union's breach of its duty of fair representation which has been discovered subsequent to the filing of the initial complaint.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint "shall be freely given when justice so requires." The Supreme Court has provided that:

> this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded

an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure the deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant leave without any justifying reason appearing for the denial is not an exercise of discretion, it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (citation omitted).

The Court finds no apparent or declared reason to deny Patricia's request; nor do Delford or the union provide any such rationale. Accordingly, Patricia's motion to amend her complaint is granted. Patricia has two weeks from the date of the entry of this Memorandum Opinion and Order to file her amended complaint.

## CONCLUSIONS

For the reasons set forth above, Local 546's and Delford's motions for summary judgment are denied; the International Union's motion for summary judgment is granted; Patricia's cross-motion for summary judgment is denied; and Patricia's motion to amend her complaint is granted.

SO ORDERED.