■ In the Matter of EDWARD GILBERT et al., Appellants, v BOARD OF ESTIMATE OF THE CITY OF NEW YORK et al., Respondents.—Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered August 3, 1990, confirming the determination of the Board of Estimate, dated October 12, 1989, which approved a determination of the New York City Landmarks Preservation Commission designating an extension of the South Street Seaport Historic District to include Block No. 106, and dismissing the petition, unanimously affirmed, without costs.

Petitioners are lot owners within Block No. 106. Block No. 106 is bounded by Dover Street to the north, Water Street to the east, Peck Slip to the south, and Pearl Street to the west. Although the Landmarks Preservation Commission initially had included this block within the historic district in 1977, the Board of Estimate, at that time, deleted the block from the historic district. In 1989, proceedings commenced anew to designate this block as part of the historic district. After its public hearing, the Landmarks Preservation Commission voted unanimously to approve the extension. The Commission's Designation Report set forth a comprehensive analysis of this block, in terms of its historical, architectural, and cultural attributes, not only in terms of the block's context within the Seaport District, but also in terms of individual buildings contained within the block. A building on petitioner's own lot dates to the 1820s. After the Board of Estimate's public hearing on October 12, 1989, the Board of Estimate approved the designation.

It is well-established that landmark designations are administrative, rather than quasi-judicial in nature *(Lutheran Church v City of New York,* 35 NY2d 121, 128, n 2). The Landmarks Preservation Commission's public hearing, rather than being adversarial or adjudicative, was strictly information gathering in nature *(see,* Administrative Code of City of New York § 25-313 [b]). As such, review is limited to whether the administrative determinations were rationally based, or whether they were arbitrary and capricious (CPLR 7803 [3]; *Matter of Society for Ethical Culture v Spatt,* 68 AD2d 112, 115-116, *affd* 51 NY2d 449; *Matter of Committee to Save the Beacon Theater v City of New York,* 146 AD2d 397, 405-406). Deferring, to the alleged expertise of the Landmarks Preservation Commission, and taking into consideration the comprehensive and voluminous record which supports the designation, we cannot conclude that the designation was not rationally based, or was arbitrary or capricious.

Nor can we conclude that the 1977 determination by the Board of Estimate precluded any subsequent reevaluation of the relevant issues. Since the 1977 determination was not quasi-judicial, the doctrines of *stare decisis,* collateral estoppel and *res judicata,* would not be applicable. *(Cf., Allied Chem. v Niagara Mohawk Power Corp.,* 72 NY2d 271, 276-277, *cert denied* 488 US 1005; *cf., Staatsburg Water Co. v Staatsburg Fire Dist.,* 72 NY2d 147.) Rather, the Landmarks Preservation Commission has explicit authority to modify its previous designations (Administrative Code § 25-303 [a] [4]; [c]), subject to Board of Estimate approval under the procedures which were applicable at the time of these proceedings *(compare, Ryan v New York Tel. Co.,* 62 NY2d 494, 500-502). Similarly, the Board of Estimate, acting in its administrative, rather than quasi-judicial capacity, is not precluded from reconsidering a prior determination in light of a subsequent designation by the Landmarks Preservation Commission.

Finally, we reject petitioners' contention that these proceedings manifested improper downzoning (Administrative Code § 25-304) by use of landmarking methods *(see, Shubert Org. v Landmarks Preservation Commn.,* 166 AD2d 115). Rather, we note that such considerations were explicitly rejected by the Commissioners, who cited historic, architectural, and esthetic considerations. Concur—Murphy, P. J., Wallach, Kupferman and Ross, JJ.