■ In the Matter of 400 EAST 64/65TH STREET BLOCK ASSOCIATION et al., Petitioners, and COALITION TO SAVE CITY AND SUBURBAN HOUSING, INC., et al., Appellants, v CITY OF NEW YORK et al., Respondents, and KALIKOW 78/79 COMPANY et al.,

Intervenors-Respondents.—Order and judgment (one paper) of the Supreme Court, New York County (Charles E. Ramos, J.), entered on or about August 23, 1991, which dismissed the petition and confirmed the determination of the New York City Board of Estimate modifying the New York City Landmarks Preservation Commission's designation of a housing complex bounded by York Avenue and the East River Drive and by 78th and 79th Streets (Manhattan Tax Map Block 1490) as a landmark site, unanimously reversed, on the law, the petition granted, and the designation of the Landmarks Preservation Commission reinstated, without costs.

On May 1, 1990, the New York City Landmarks Preservation Commission designated the subject housing complex, the City and Suburban Homes Company's York Avenue Estate, to be a landmark. The New York City Planning Commission submitted to the Board of Estimate a report which found the designation to be consistent with zoning and development in the area. The Board of Estimate held a public hearing on the matter on August 20, 1990 and, by a 6-to-5 vote the following day, modified the Landmarks Preservation Commission's designation to exclude four buildings in the complex from the landmark site.

The York Avenue Estate is a complex of 14 buildings which occupies an entire city block. As the City Planning Commission observed in its report to the Board of Estimate, "It is one of only two full city block developments of light-court model tenements in the country." The report also states, "The Commission is aware that a residential tower development of approximately 977,000 square feet has been proposed by the property owner for the eastern end of the site currently occupied by four of the buildings within the proposed landmark site." Thus, the Board's action would permit the owner, intervenor-respondent Kalikow 78/79 Company ("Kalikow"), to erect a high-rise residential tower at the expense of the integrity of the Landmarks Preservation Commission's designation of the complex, in its entirety, as a landmark.

On appeal, Kalikow argues that the determination of the Board of Estimate is a legislative act which is beyond judicial review and, in any event, is not arbitrary and capricious. The municipal respondent asserts that the Board's action is a compromise which effectively satisfies the competing concerns of preservation and development. We find neither argument to be persuasive.

It is well settled that, in passing upon a designation of

landmark status by the Landmarks Preservation Commission, the Board of Estimate performs an administrative function and not one which is legislative or quasi-judicial in nature *(Matter of Gilbert v Board of Estimate,* 177 AD2d 252; *Shubert Org. v Landmarks Preservation Commn.,* 166 AD2d 115, *appeal dismissed* 78 NY2d 1006).* As the Court of Appeals noted in *Church of St. Paul & St. Andrew v Barwick* (67 NY2d 510, 515, *cert denied* 479 US 985), upon designation of a structure as a landmark, "New York City's Board of Estimate may then modify or disapprove the designation, and the owner may seek judicial review of the final decision."

"[R]eview is limited to whether the administrative determinations were rationally based, or whether they were arbitrary and capricious" *(Matter of Gilbert v Board of Estimate, supra,* at 252).* On this point, Kalikow argues that the Board of Estimate is not required to state a reason for its decision and that the failure to provide a reason does not render its action arbitrary and capricious. We agree, and observe that neither does it require the conclusion that the action is supported by substantial evidence in the record, to which we now turn.

What Kalikow's argument fails to recognize is that the Landmarks Preservation Commission designated the complex as a "landmark site" and not 14 individual buildings as 14 different "landmarks" *(compare,* Administrative Code of City of NY § 25-302 [o], [n]; *Church of St. Paul & St. Andrew v Barwick, supra,* at 515).* It is clear from both the extensive report by the Landmarks Preservation Commission and the report of the City Planning Commission that the significance of the site is that it is one of only two such light-court model developments remaining in the country which comprise an entire block. The position that a part of the complex should be considered worthy of designation as a landmark for its historical, architectural, cultural and aesthetic value and part should not is inherently inconsistent. The failure of the Board of Estimate to advance any reason for removing four of the 14 buildings in the complex from the designated landmark site does not render the action any less arbitrary when viewed in the context of the administrative record.

The municipal respondent's assertion that the decision of the Board of Estimate constitutes a legitimate compromise between preservation and development interests rests on the assertion that the Board may base its decision on factors outside the record and, indeed, this is the position taken by the Corporation Counsel (Opinion 3-89, dated Aug. 1, 1989). However, as noted above, this view has been rejected, and the

Board of Estimate's role in the landmark designation process is regarded as entirely administrative. Therefore, even in the absence of any stated rationale justifying the Board's decision, its legitimacy is determined by reference to the record compiled in administrative proceedings.

Finally, we note that Kalikow has made no attempt to demonstrate economic hardship which might support the grant of a variance or waiver (see, Administrative Code §§ 25-305—25-309). Neither has Kalikow demonstrated that the landmark designation would deprive it of a reasonable return on the use of its property (see, French Investing Co. v City of New York, 39 NY2d 587, 596). At best, it can be said only that the property will not be put to its most lucrative use, which is not a basis for granting relief (Matter of Society for Ethical Culture v Spatt, 51 NY2d 449, 456). Concur—Murphy, P. J., Rosenberger, Ellerin, Ross and Rubin, JJ.