■ TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, Appellant, v CITY OF NEW YORK et al., Respondents. —Order and judgment (one paper) of the Supreme Court, New

York County (Beatrice Shainswit, J.) entered January 17, 1991, which denied petitioner's motion for partial summary judgment on the plenary portion of this joint CPLR article 78 proceeding and plenary action and which granted respondent's cross-motion to dismiss the amended verified petition and complaint, unanimously affirmed, without costs.

Petitioner-plaintiff is the present owner of the Seagram Building located at 375 Park Avenue, Manhattan. The building is done in the international style, erected between 1956 and 1958, and is the product of the Bauhaus School architect Mies Vander Roh, and the only example of his work in New York City. The first floor lobby level contains a commercial space occupied by the Four Seasons Restaurant, the design elements of which were designed by the well known architect Philip Johnson. The Board of Estimate has adopted the recommendation of the Landmarks Preservation Commission and designated the building, its exterior plaza, interior lobby and the interior of the space occupied by the Four Seasons Restaurant as landmarks.

Designation of interior architectural features is specifically authorized under the Landmarks Preservation Law (Administrative Code of City of NY § 25-303 [a] [2]). Such designation may include interior architectural features (Administrative Code § 25-302 *[l]*, [m]). We have rejected challenges to designation of interior elements *per se* as well as designation of interiors when such designation was argued to restrict use of the property *(Shubert Org. v Landmarks Preservation Commn.,* 166 AD2d 115, *appeal dismissed* 78 NY2d 1006 [1991], *lv denied* 79 NY2d 751 [1991], *cert denied* — US —, 119 L Ed 2d 213 [1992]). The testimony before both the Landmarks Preservation Commission and the Board of Estimate in the present case is no less compelling than the evidence adduced for those bodies with respect to the *Shubert Org.* application. Deferring as we must to the expertise of the Landmarks Preservation Commission and taking into consideration the comprehensive and voluminous record which supports the designation, we cannot conclude that the designation was arbitrary or capricious *(Matter of Gilbert v Board of Estimate,* 177 AD2d 252 [1991]; *see generally, Matter of Society for Ethical Culture v Spatt,* 68 AD2d 112, 116 [1979], *affd* 51 NY2d 449 [1980]).

Since petitioner is not substantially deprived of the economic benefit of this space *(Penn Cent. Transp. Co. v New York City,* 438 US 104 [1978], *affg* 42 NY2d 324 [1977], *affg* 50 AD2d 265 [1975]), petitioner's contention that it has suffered

an unconstitutional taking is without merit. We reject petitioner's contention that the restaurant interior lacks the public character necessary for landmark designation. This restaurant is not a private club. Rather, it is an interior that is "customarily open or accessible to the public, or to which the public is customarily invited" (Administrative Code § 25-302 [m]).

We also reject petitioner's contentions that this designation actually protects use and will unnecessarily restrict future occupancy. The fact that occupancy other than that of a restaurant might not constitute optimum commercial utilization of the space does not require a conclusion that the designation is in effect a preservation of prior use.

Furthermore, petitioner's contention that this designation inappropriately included interior features which are not fixtures is without merit. In the present case, each of the features is sufficiently connected to the restaurant interior within the definition of Administrative Code § 25-302 *(l)* and (m). Petitioner presently does not occupy the restaurant space, which is leased now to a third party. When petitioner regains possession, it may apply for a variance so as to remove the sculptures. Until such time as the application is denied, however, this particular claim is premature *(Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510, 518-523 [1986], *cert denied* 479 US 985 [1986]).

Finally, with respect to certain of the sculptures, the Landmarks Preservation Law in authorizing the designating of interior architectural features does not distinguish between personalty and realty. Concur—Sullivan, J. P., Carro, Wallach and Smith, JJ.