■ JOSEPH GASSLER, Appellant, v MONARCH LIFE INSURANCE COMPANY, Respondent. [714 NYS2d 126] —In an action, *inter alia,* to recover disability benefits under two insurance policies, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Adams, J.), dated July 26, 1999, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On November 15, 1991, the plaintiff's license to practice podiatry in New York State was revoked after he pleaded guilty to Medicaid fraud. About two weeks later, the plaintiff consulted a psychiatrist for depression. He subsequently applied for disability benefits under two insurance policies issued to him by the defendant Monarch Life Insurance Co. (hereinafter Monarch). When Monarch rejected the plaintiff's claim, he commenced this action to recover the disability benefits and

punitive damages for the wrongful breach of the insurance contracts.

The Supreme Court properly granted Monarch's motion for summary judgment dismissing the complaint. Pursuant to the clear and unambiguous language of the subject policies, the plaintiff was entitled to benefits only if he established that: (1) he was "unable to do the substantial and material duties" of his "regular profession", which was defined as his "usual work when total disability starts"; (2) his total disability started while the policies were in force; (3) his total disability was the result of sickness or injury; and (4) he was under a doctor's care. The plaintiff was unable to practice podiatry in New York State because of a legal disability, i.e., the revocation of his license, not a factual disability, i.e., depression. Accordingly, he was not entitled to total disability payments under the terms of the policies (*see, Allmerica Fin. Life Ins. & Annuity Co. v Llewellyn,* 943 F Supp 1258, *affd* 139 F3d 664; *Brumer v National Life,* 874 F Supp 60, *affd* 133 F3d 906; *Goomar v Centennial Life Ins. Co.,* 855 F Supp 319, *affd* 76 F3d 1059). The plaintiff's conclusory assertion that his inability to practice podiatry in California was attributable to his mental condition after the loss of his New York license was insufficient to raise a triable issue of fact. Therefore, we need not address the issues regarding California law which he raises. O'Brien, J. P., Altman, Krausman and Goldstein, JJ., concur.