■ JOSEPH GASSLER, Respondent, v MONARCH LIFE INSURANCE COMPANY, Appellant. [755 NYS2d 660] —In an action, inter alia, to recover disability benefits under two insurance policies, the defendant appeals from an order of the Supreme Court, Nassau County (Cozzens, J.), dated December 20, 2001, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On November 15, 1991, the plaintiff's license to practice

podiatry in New York State was revoked after he pleaded guilty to Medicaid fraud. About two weeks later, the plaintiff consulted a psychiatrist for depression. He subsequently applied for disability benefits under two insurance policies issued to him by the defendant, Monarch Life Insurance Company (hereinafter Monarch). When Monarch rejected the plaintiff's claim, he commenced an action to recover the disability benefits. In that action, this court held that the plaintiff was not entitled to disability benefits under the terms of the policies because he was unable to practice podiatry in New York State because of a legal disability, i.e., the revocation of his license, not a factual disability, i.e., depression (*see Gassler v Monarch Life Ins. Co.,* 276 AD2d 585 [2000]).

Thereafter, the plaintiff commenced this action seeking to recover, inter alia, disability benefits under the insurance policies on the ground that at the time he allegedly became totally disabled, he was "retired" from the practice of podiatry. Monarch moved for summary judgment dismissing the complaint. The Supreme Court found that there exist issues of fact as to whether or not the plaintiff was "retired" under the terms of the insurance policies at the time he allegedly became totally disabled. We disagree.

It is well settled that the doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (*Ryan v New York Tel. Co.,* 62 NY2d 494, 500 [1984]). Here, we previously held that the plaintiff was "legally disabled" from practicing podiatry at the time he allegedly became totally disabled due to depression. Thus, his present claim that he was "retired" from the practice of podiatry at the time he allegedly became totally disabled due to depression is precluded.

Because the plaintiff is precluded from asserting that he was "retired" when his total disability arose, the defendant demonstrated the absence of any material issue of fact. Therefore, the motion was sufficient to make out a prima facie case for summary judgment (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]). In opposition, the plaintiff failed to raise a triable issue of fact. Santucci, J.P., Feuerstein, Smith and H. Miller, JJ., concur.