OPINION OF THE COURT
Jasen, J.
We are asked to decide whether the doctrine of collateral estoppel precludes this action by reason of a prior administrative determination rendered after a full hearing. While this court has previously outlined the requirements of collateral estoppel on recent , occasions, this case presents us with some aspects we have not fully addressed before.
Plaintiff, Edward Ryan, was discharged from his employ with defendant New York Telephone Company for theft of company property. Defendants Lauriano and Perrino, com *498 pany security investigators, had observed Ryan removing what appeared to be company property from the workplace. They stopped him and called the police who arrested Ryan and charged him with petit larceny and criminal possession of stolen property.
Following his discharge from work, Ryan applied for unemployment insurance benefits, but his application was rejected by a claims examiner of the Department of Labor on the ground that the discharge was the result of his own misconduct. Ryan filed an appeal from that initial determination and a hearing, transferred upon his request from a location near his home in New Jersey to New York, was held before an Unemployment Insurance Administrative Law Judge. Ryan was advised that he was entitled to have an attorney represent him at the hearing but, despite his having already retained counsel for the criminal proceedings on the afore-mentioned charges, he chose instead to appear with a union representative who was familiar with such administrative hearings. After considering the testimony of witnesses, including Ryan, who were examined and cross-examined extensively, the Administrative Law Judge sustained the ruling of the claims examiner and disallowed benefits, finding, inter alia, that “claimant was seen * * * removing company property from the company premises” and holding that “[t]he evidence * * * establishes that claimant lost his employment for [possessing] company property without authorization [and therefore] he lost his employment due to misconduct in connection therewith.” This determination was subsequently affirmed by the Unemployment Insurance Appeal Board whose decision was, in turn, upheld by the Appellate Division.
During the pendency of the foregoing administrative proceedings and judicial review, the criminal action in which Ryan was represented by counsel resulted in an adjournment in contemplation of dismissal. Ultimately, it was restored to the Trial Calendar on the motion of the defendant and, on the People’s motion, the charges were dismissed “in the interest of justice.” (See CPL 210.40, subd 2; cf. CPL 170.55, subd 2.)
Between the conclusion of the criminal proceedings and the Appellate Division’s affirmance of the administra *499 tive determination thereafter, plaintiffs commenced this action asserting claims for false arrest, malicious prosecution, slander and wrongful discharge, and an additional claim for the resultant injuries to Ryan’s wife. Defendants pleaded an affirmative defense of res judicata and collateral estoppel on the basis of the prior administrative determination denying Ryan’s claim for unemployment benefits. When plaintiffs moved to dismiss the affirmative defense, defendants cross-moved to dismiss the first, second, third, sixth and seventh causes of action comprising claims for false arrest, malicious prosecution, slander and two claims for wrongful discharge, respectively. Special Term granted plaintiffs’ motion and dismissed the affirmative defense, finding that the “totality of the situation”, including the prior forum, Ryan’s lack of counsel and the availability of “new evidence”, “dictates that it would be unfair to deny the plaintiff his day in court.” A divided Appellate Division affirmed for the reasons stated at Special Term and granted leave to appeal to this court, certifying the following question: “Was the order of the Supreme Court, as affirmed by this Court, properly made?” We now reverse, grant defendants’ cross motion to dismiss, and answer the certified question in the negative.
At the outset, it should be made clear that the doctrines of res judicata and collateral estoppel are applicable to give conclusive effect to the quasi-judicial determinations of administrative agencies (Matter of Evans v Monaghan, 306 NY 312, 323-324; Parklane Hosiery Co. v Shore, 439 US 322; see, also, Restatement, Judgments 2d, § 83), when rendered pursuant to the adjudicatory authority of an agency to decide cases brought before its tribunals employing procedures substantially similar to those used in a court of law. (Matter of Venes v Community School Bd., 43 NY2d 520, 524; United States v Utah Constr. Co., 384 US 394, 422; see, also, 2 Davis, Administrative Law [3d ed], §§ 18.03, 18.08, 18.10; Restatement, Judgments 2d, § 83, subd [2], and Comment b.) “[S]uch determinations, when final, become conclusive and binding on the courts.” (Bernstein v Birch Wathen School, 71 AD2d 129, 132, affd 51 NY2d 932; see, also, Matter of Newsday, Inc. v Ross, 80 AD2d 1, 5.)
*500 To be sure, it is a fundamental principle that “a judgment rendered jurisdictionally and unimpeached for fraud shall be conclusive, as to the questions litigated and decided, upon the parties thereto and their privies, whom the judgment, when used as evidence, relieves from the burden of otherwise proving, and bars from disproving, the facts therein determined.” (Fulton County Gas & Elec. Co. v Hudson Riv. Tel. Co., 200 NY 287, 296-297; see, also, Hinchey v Sellers, 7 NY2d 287; Matter of New York State Labor Relations Bd. v Holland Laundry, 294 NY 480; 46 Am Jur 2d, Judgments, § 415.) This rule of res judicata is founded upon the belief that “ ‘it is for the interest of the community that a limit should be prescribed to litigation, and that the same cause of action ought not to be brought twice to a final determination. Justice requires that every cause be once fairly and impartially tried; but the public tranquillity demands that, having been once so tried, all litigation of that question, and between those parties, should be closed forever.’ ” v Vanderlip, 218 NY 29, 36-37, quoting Greenleaf’s Evidence, §§ 522, 523; see, also, Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304; Hendrick v Biggar, 209 NY 440.)
The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same. (Ripley v Storer, 309 NY 506, 517; see, also, Restatement, Judgments 2d, §27; 46 Am Jur 2d, Judgments, § 415; 9 Carmody-Wait 2d, NY Prac, Judgments, § 63:205.) We have recently reaffirmed that collateral estoppel allows “the determination of an issue of fact or law raised in a subsequent action by reference to a previous judgment on a different cause of action in which the same issue was necessarily raised and decided.” (Gramatan Home Investors Corp. v Lopez, 46 NY2d 481, 485.) What is controlling is the identity of the issue which has necessarily been decided in the prior action or proceeding.
Of course, the issue must have been material to the first action or proceeding and essential to the decision rendered therein (Silberstein v Silberstein, 218 NY 525, 528; see, *501 also, Hinchey v Sellers, supra; Ripley v Storer, supra; Ward v Boyce, 152 NY 191), and it must be the point actually to be determined in the second action or proceeding such that “a different judgment in the second would destroy or impair rights or interests established by the first” (Schuylkill Fuel Corp. v Nieberg Realty Corp., supra, at p 307 [Cardozo, Ch. J.]; see, also, S.T. Grand, Inc. v City of New York, 32 NY2d 300, 304-305).
In addition, where the party against whom collateral estoppel is asserted claims that he was not afforded a full and fair opportunity in the prior administrative proceeding to contest the decision now said to be controlling, he must be allowed to do so. A determination whether the first action or proceeding genuinely provided a full and fair opportunity requires consideration of “the ‘realities of the [prior] litigation’, including the context and other circumstances which * * * may have had the practical effect of discouraging or deterring a party from fully litigating the determination which is now asserted against him”. (People v Plevy, 52 NY2d 58, 65.) Among the specific factors to be considered are the nature of the forum and the importance of the claim in the prior litigation, the incentive and initiative to litigate and the actual extent of litigation, the competence and expertise of counsel, the availability of new evidence, the differences in the applicable law and the foreseeability of future litigation. (Gilberg v Barbieri, 53 NY2d 285, 292; Schwartz v Public Administrator, 24 NY2d 65, 72.)
In the application of collateral estoppel with respect to administrative determinations, the burden rests upon the proponent of collateral estoppel to demonstrate the identically and decisiveness of the issue, while the burden rests upon the opponent to establish the absence of a full and fair opportunity to litigate the issue in prior action or proceeding. (Cf. Schwartz v Public Administrator, supra, at p 73; see, also, B.R. DeWitt, Inc. v Hall, 19 NY2d 141; compare Gramatan Home Investors Corp. v Lopez, supra, at p 485.) As we said in Schwartz, “[t]his apportionment of the burdens is both fair and necessary. Otherwise much of the value of collateral estoppel will be lost.” {Id., at p 73.) Indeed, this apportionment accords, on the one hand, with *502 the burden generally imposed on the moving party to make a prima facie demonstration of entitlement to summary judgment (see, e.g., Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065,. 1067), and, on the other hand, with the burden placed on the opposing party to establish the necessity for a trial (Zuckerman v City of New York, 49 NY2d 557, 562) or on any party attempting to rebut the presumptive regularity of prior judicial and administrative proceedings (see 21 NY Jur, Evidence, §§ 106, 108; 10 Carmody-Wait 2d, NY Prac, §§ 70:346, 70:347; cf. People v Harris, 61 NY2d 9, 16.)
Applying the foregoing rules of law to this case demonstrates clearly that collateral estoppel bars plaintiffs from litigating the subject claims. A comparison of the material issues raised in this action with those resolved by the prior administrative determination, and an examination of the prior proceeding itself show that both requisite criteria, the identicality and decisiveness of the issues and the opportunity for a full and fair hearing have been satisfied.
The critical issue in the prior administrative proceeding was whether Ryan was discharged by reason of misconduct and, therefore, not entitled to unemployment benefits. The Administrative Law Judge’s specific findings, essential to the disallowance of benefits to Ryan, was that the latter was guilty of unauthorized removal and possession of company property, and that he was discharged for that reason. That determination, affirmed by the Unemployment Insurance Appeal Board and ultimately by the Appellate Division, is conclusive between the parties in this action, and it is dispositive of the subject claims asserted by plaintiffs.
The first cause of action alleges false arrest resulting from the defendants’ complaints against Ryan to the police. The lack of legal justification is an essential element of the tort of false arrest (Broughton v State of New York, 37 NY2d 451, 458; Prosser, Torts [4th ed], False Imprisonment, § 11; Restatement, Torts 2d, § 35), but the administrative determination of criminally chargeable misconduct is dispositive of the presence of such justification and, consequently, grounds for dismissal of the cause of action. Likewise, the second cause of action alleging malicious *503 prosecution requires a lack of probable cause for instituting the criminal proceeding (Broughton v State of New York, supra, at p 457; Prosser, op. cit., Malicious Prosecution, § 119; Restatement, Torts 2d, Malicious Prosecution, § 653), but the prior determination is decisive that defendants’ investigators actually witnessed Ryan removing the property and, therefore, had probable cause to bring charges against him. The third cause of action asserts a slanderous remark against Ryan to the effect that he “stole something” from his workplace. The Administrative Law Judge’s findings that Ryan was seen “removing company property from the company premises” and that his taking was “without authorization” were the essential predicate to the determination rendered that he was discharged for misconduct. Those findings, therefore, are entitled to the same conclusive effect as the determination itself and, inasmuch as they establish the truth of the remarks alleged to be slanderous, they constitute a complete defense. (See Crane v New York World Tel. Corp., 308 NY 470; 34 NY Jur, Libel and Slander, § 80; cf. Gertz v Robert Welch, Inc., 418 US 323, 339-340.) The sixth and seventh causes of action are grounded on allegations of wrongful discharge, but, again, the prior determination is dispositive of the fact that Ryan’s termination from employment resulted from and was justified by his misconduct. Consequently, justification being a defense to the tort of wrongful discharge (see Brandt v Winchell, 3 NY2d 628, 633), the determination constitutes a basis for dismissal of those causes of action as well. It is clear, then, that the criterion of issue identicality and decisiveness is satisfied for each of the subject causes of action.
Additionally, the record shows that Ryan had a full and fair opportunity at the prior administrative proceeding to litigate the question of his misconduct, and plaintiffs have failed to demonstrate otherwise. Ryan did, in fact, litigate the issue, testifying himself and cross-examining defendants’ witness through his union representative. The “realities of the prior litigation” are that it was a sufficiently extensive and fully adversarial hearing presided over by an Administrative Law Judge; that the hearing was initiated by Ryan himself to demonstrate his entitlement to *504 unemployment benefits (cf. Gilberg v Barbieri, 53 NY2d, at p 293); and that he freely and knowingly chose not to appear with legal counsel but to be represented instead by a union official who was an experienced advocate in such hearings and whose competence and efforts on Ryan’s behalf is demonstrated in the minutes of the proceedings. The record shows that the hearing was fair and that Ryan had a full opportunity to litigate the issue of his misconduct. The fact that the Administrative Law Judge ruled against Ryan is certainly not evidence of the contrary.
Further, the assertion that there is new evidence in the form of “receipts” showing that Ryan had actually purchased some of the equipment he has been accused of taking without authorization and, therefore, that the prior determination is not deserving of collateral estoppel effect is without merit. This allegedly new evidence was, as plaintiffs concede, in fact available to Ryan and his legal counsel during the pendency of the criminal proceedings, and plaintiffs provide no explanation why they were neither presented nor even alluded to at the administrative hearing or at any proceeding in review or reconsideration thereof. Plaintiffs merely argue in their complaint that “no one asked for them”. As the dissenting Justice at the Appellate Division aptly observed, that assertion is “unimpressive” and, in any event, does not constitute a legally cognizable excuse. Having been afforded a full opportunity at the administrative hearing to present the “receipts”, the failure to do so — not only at that hearing but also at every related proceeding, both precedent and subsequent thereto — does not somehow transform them into “new evidence” and is certainly not a basis for defeating the application of collateral estoppel. It is enough that the receipts were available.
Finally, the eventual dismissal of the criminal charges on the motion of the prosecutor “in the interest of justice” does not constitute an adjudication of the veracity of the receipts or of Ryan’s innocence of the charges. Consequently, it in no way undermines the force and effect of the administrative determination. A dismissal “in the interest of justice” is neither an acquittal of the charges nor any determination of the merits. Rather, it leaves the *505 question of guilt or innocence unanswered. (See People v Clayton, 41 AD2d 204, 206; cf. Hollender v Trump Vil. Coop., 58 NY2d 420, 425; People v Rickert, 58 NY2d 122, 126.)
Thus, in view of plaintiffs’ failure to demonstrate Ryan’s lack of a full and fair opportunity to litigate his claim at the prior administrative hearing, and inasmuch as the issues in that proceeding and the causes of action here in question are identical and dispositive, the doctrine of collateral estoppel applies and precludes relitigation of the prior determination.
Accordingly, the order of the Appellate Division should be reversed, without costs, defendants’ cross motion for partial summary judgment should be granted, and plaintiffs’ motion to strike the affirmative defense of res judicata and collateral estoppel denied. The certified question should be answered in the negative.
Chief Judge Cooke and Judges Jones, Wachtler, Meyer, Simons and Kaye concur.
Order reversed, etc.