OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed. While agreeing with the reasons stated by Justice Paul J. Yesawich, Jr., we would only add that the decision of the Appellate Division is fully consistent with our recent holding in Ryan v New York Tel. Co. (62 NY2d 494). In Ryan, we emphasized that the determination of whether to accord collateral estoppel effect to the quasi-judicial determination of an administrative agency must focus upon the realities of the prior litigation (id., at p 501). It was observed that once the issue of identity between the prior and pending actions is established, certain factors should be considered to determine whether a full and fair opportunity to litigate the issue at bar existed, including: “the nature of the forum and the importance of the claim in the prior litigation, the incentive and initiative to litigate and the actual extent of litigation, the competence and expertise of counsel, the availability of new evidence, the differences in the applicable law and the foreseeability of future litigation.” (Id.) Since plaintiffs *749 freely elected to proceed to arbitration with the assistance of counsel (Matter of American Ins. Co. [Messinger — Aetna Cas. & Sur. Co.], 43 NY2d 184, 191) despite the availability of an alternate judicial forum (Insurance Law § 675 [1]), and had the opportunity to employ procedures substantially similar to those utilized in a court of law (11 NYCRR 65.16 [c] [5]; see, Ryan v New York Tel. Co., 62 NY2d 494, 499, supra), we agree with the Appellate Division that plaintiffs had a full and fair opportunity to litigate the question whether Mr. Clemens’s herniated disc condition was causally related to the automobile accident.
Gilberg v Barbieri (53 NY2d 285), relied upon by plaintiffs, is distinguishable. In Gilberg, a majority of this court held that a conviction for the petty offense of harassment does not collaterally estop or preclude a defendant from disputing the merits of a subsequent civil suit for assault involving the same incident. The decision in Gilberg was premised upon the brisk pace at which the petty criminal charge was disposed, the manifest fact that defendant did not avail himself of the prior forum, and the lack of any suggestion that defendant was aware of the possibility that a conviction on a petty criminal charge might later be used in a civil suit seeking damages. The considerations underlying Gilberg are not present in this case. Here, plaintiffs were authorized to control the pace of the proceeding by seeking a postponement or adjournment. (11 NYCRR 65.16 [c] [5] [vii].) Plaintiffs freely chose the arbitration forum, although a judicial forum was, and remained, available at the time arbitration was sought. Finally, in view of the fact that the arbitration was sought subsequent to the commencement of this negligence action against defendant to recover for personal injuries, plaintiffs, proceeding with the aid of counsel, should have been aware of the possibility that the result of the arbitration would affect a pending court proceeding addressing, in part, the identical issue presented at the arbitration.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur; Judge Titone taking no part.
Order affirmed, with costs, in a memorandum. Question certified answered in the affirmative.