■ HENRY MOSKOWITZ, Appellant-Respondent, v B.F. & W. REALTY Co. et al., Respondents-Appellants, et al., Defendant. [633 NYS2d 161] —Order, Supreme Court, New York County (Edward Greenfield, J.), entered October 27, 1994, which denied that portion of plaintiff's motion seeking to enjoin enforcement of the 1993 loan call notice issued by defendants-respondents pursuant to the parties' joint venture agreement, unanimously affirmed, with costs.

Plaintiff is collaterally estopped from challenging the 1993 notice by the decision in the prior action that denied his motion to enjoin enforcement of that notice on the ground that, contrary to his argument that the notice had not been issued by a proper majority of the venturers because one of the issuers was in default of the 1992 notice, no venturer could be considered in default of a notice unless and until so adjudicated. We disagree with plaintiff that the decision was based on a technicality that should be given limited, if any, collateral effect, and any limitation on plaintiff's opportunity to litigate the lack of a "two step" process he now urges is directly attributable to his own litigation strategy (*see, Ryan v New York Tel. Co.*, 62 NY2d 494, 501).

In any event, if we were we to address the merits, we would find that unlike the 1994 notice, the 1993 notice, which sought a discrete amount for the sole purpose of paying real estate taxes, is not lacking in specificity, and that the failure to satisfy the joint venture agreement's notice requirement is alone insufficient to invalidate a notice. Nor did the IAS Court err in directing plaintiff to make payment under the 1993 notice while simultaneously relieving any venturer who had overfunded the venture from contributing any additional funds

until all loan contributions have been equalized. Plaintiff claims he substantially over-funded the venture but the extent and existence of any such over-funding is dependent on the still unresolved question of the validity of the 1992 notice. Moreover, the issue is largely academic since plaintiff has already made the required payment under the 1993 notice and the venture is continuing as a going concern. We have considered plaintiff's other contentions and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Wallach, Asch and Tom, JJ.