**Jeffrey GOODSON, Plaintiff,**

v.

**Sergeant Andre SEDLACK, Corr. Officer T. Cipollini, Defendants**

**No. 99 CIV. 10419(GEL).**

United States District Court,
S.D. New York.

June 28, 2002.

---

Jeffrey Goodson, pro se.

John E. Knudsen, Assistant Attorney General, New York, N.Y. (Eliot Spitzer, Attorney General of the State of New York, of Counsel) for Defendants Andre Sedlack and T. Cipollini.

## OPINION AND ORDER

LYNCH, District Judge.

Plaintiff Jeffrey Goodson, a former New York state prisoner, brings this action against two corrections officers, alleging that he was deprived of his right against cruel and unusual punishment by the use of unnecessary and excessive force against him by the officers while transporting him from his cell to court on August 6, 1999.[1] Less than two weeks before the case was scheduled for trial, defendants sought an adjournment, and permission to move for summary judgment on grounds of collateral estoppel, counsel apparently having just discovered that plaintiff's parallel action against New York State for negligence and assault by the same officers on the same occasion had been litigated to a defense verdict in the New York Court of Claims eight months earlier. Defendants eventually moved, and after plaintiff sought and received a substantial extension of time to

respond, the matter is now deemed fully submitted since plaintiff failed to submit his opposition by June 17, 2002.[2] The motion will be granted.

## BACKGROUND

On September 29, 1999, plaintiff filed this action pursuant to 42 U.S.C. § 1983, charging that on August 6, 1999, defendants Tim Cipollini and Andre Sedlak[3] violated the Eighth Amendment by using excessive force against him while transporting him to court. The Complaint alleges that the incident occurred at about 9:00 a.m., and alleges that Cipollini pulled him from his cell using unnecessary force fastened handcuffs on him too tightly, and twisted the cuffs when he resisted. (Complaint, Facts, ¶¶ 1–3.) When plaintiff called for a sergeant and complained of these events, the complaint alleges, Sedlak repeatedly hit him in the head with a baton and told him to obey orders (*id.* ¶¶ 4–5), and that Cipollini later continued to assault him until he agreed not to report the incident (*id.* ¶¶ 6–7).

Apparently unbeknownst to the lawyers representing defendants in this Court, or to the judges and magistrate judge handling the case, plaintiff also filed a parallel claim against New York State in the New York Court of Claims on November 15, 1999. The Claim filed there alleged virtually identical facts, charging that at 9:00 a.m. on August 6, 1999, Sedlak and Cipolli-

---

1. This claim is subject to the exhaustion of administrative remedies requirement of 42 U.S.C. § 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Plaintiff alleges that he unsuccessfully pursued an internal grievance in this matter. (Complaint ¶¶ IIB, C.) Defendants have not argued that plaintiff failed fully to exhaust his remedies, thus waiving the exhaustion issue. *Ray v. Kertes,* 285 F.3d 287, 295 (3d Cir.2002), *Foulk v. Charrier,* 262 F.3d 687, 697 (8th Cir.2001); *Perez v. Wisconsin Dept. of Corr.,* 182 F.3d 532, 536 (7th Cir.1999).

2. By memo-endorsement of Goodson's letter dated May 22, 2002, the Court extended plaintiff's time to answer but announced that the motion would be deemed fully submitted if plaintiff failed to submit his brief by June 17, 2002.

3. "Sedlak" is the correct spelling, per defendant's testimony at the state trial. The caption reflects plaintiff's incorrect spelling.

ni assaulted plaintiff in exactly the manner alleged in the instant complaint. (Defs.Ex. B, ¶¶ 1–9.) Because of the limited jurisdiction of the Court of Claims, the case named only the State, not the individual defendants sued here, and the Claim asserted causes of action for negligence and assault under state law, not violation of federal constitutional rights.

Different Assistant Attorneys General handled the federal and state cases, apparently without discussing the parallel litigation either with each other or with the defendant officers. The Court of Claims case proceeded to trial first, on June 25, 2001, before the Honorable Alton R. Waldon, Jr. After a one-day bench trial, at which plaintiff, Cipollini, Sedlak, and three other witnesses testified, Judge Waldon found that in the face of the "credible" testimony of the numerous officers who testified, who denied that any such assault had taken place, plaintiff's testimony was "insufficient to overcome the magnitude of the evidence and testimony presented by the officers." (Defs. Ex. C, Tr. at 77.) The Court accordingly entered judgment for the State on July 26, 2001. (Defs.Ex. D.)

### DISCUSSION

"In a federal § 1983 suit, the same preclusive effect is given to a previous state court proceeding as would be given to that proceeding in the courts of the State in which the judgment was rendered." *Leather v. Ten Eyck,* 180 F.3d 420, 424 (2d Cir.1999) (citations omitted). "Under New York law, the doctrine of collateral estoppel, or issue preclusion, applies when a litigant in a prior proceeding asserts an issue of fact or law in a subsequent proceeding and (1) the issue 'has necessarily been decided in the prior action and is decisive of the present action,' and (2) there has been 'a full and fair opportunity to contest the decision now said to be controlling.'" *Giakoumelos v. Coughlin,*

88 F.3d 56, 59 (2d Cir.1996), quoting *Schwartz v. Public Administrator,* 24 N.Y.2d 65, 71, 298 N.Y.S.2d 955, 246 N.E.2d 725 (1969).

Here, although the Court of Claims did not consider the case as a civil rights claim against the individual officers, "the Court of Claims did conclusively resolve the same set of facts on which both claims exist. Whether or not the claim is characterized as negligence or as a violation of civil rights, the issues are the same—did the officers assault [plaintiff] ... ? These issues were decided by the Court of Claims and are dispositive of the action before us today." *Wright v. Coughlin,* 85 Civ. 0624(LBS), 1987 WL 19633, at *2 (S.D.N.Y. Nov. 5, 1987) (Sand, J.).

Plaintiff was afforded a full and fair opportunity to litigate his case. The New York Court of Appeals has listed the following factors as determining whether the previous forum provided a full and fair opportunity to litigate: "the nature of the forum and the importance of the claim in the prior litigation, the incentive and initiative to litigate and the actual extent of the litigation, the competence and expertise of counsel, the availability of new evidence, the differences in the applicable law, and the foreseeability of future litigation." *Ryan v. New York Telephone Co.,* 62 N.Y.2d 494, 501, 478 N.Y.S.2d 823, 467 N.E.2d 487 (1984). Here, the forum was a court of record, and the claim that the officers assaulted plaintiff was central to the prior case as to the instant litigation. Plaintiff sought essentially the same relief—substantial monetary damages—in that case as in this, and litigated the claim vigorously. Goodson testified fully on his own behalf, called a witness, introduced documentary evidence, successfully objected to questions asked by opposing counsel, and cross-examined the defense witnesses (including both defendants in the instant

case). The trial judge frequently intervened to assist Goodson by reformulating his questions into proper legal form, rather than merely sustaining objections. Plaintiff cites no new relevant evidence, and the legal differences between the claims raised in the state case and the present one, as noted above, are not relevant to the central credibility determination that resolved the prior case and must ultimately resolve the present one as well. Additional litigation between these parties is not foreseeable.

Thus, of all the *Ryan* factors, the only one that in any respect counts against collateral estoppel is the "competence and expertise of counsel." But "[t]he mere fact that the plaintiff proceeded *pro se* does not sufficiently establish that he was denied a full and fair opportunity to be heard," *Wright,* 1987 WL 19633, at *2 (citation omitted), particularly given that he is proceeding in the same manner in the present case. The burden is on plaintiff to establish the lack of a full and fair opportunity to litigate, *Giakoumelos,* 88 F.3d at 59, citing *Schwartz,* 24 N.Y.2d at 73, 298 N.Y.S.2d 955, 246 N.E.2d 725, and he cannot come close to doing so on these facts.

It is understandable that plaintiff, no doubt believing that he should have prevailed in the first litigation, seeks another forum to press his claims. But a litigant is not permitted "to litigate the same case twice." *Wright,* 1987 WL 19633, at *2. This Court has repeatedly held that a prisoner may not bring a § 1983 claim against individual officers where he has previously lost at trial against the State in the Court of Claims on state law claims arising out of the identical alleged incident. *Cox v. Colgane,* 94 Civ. 6361(DAB), 1998 WL 148424, at * 7 (S.D.N.Y. Mar. 27, 1998) (Batts, J.); *Wright,* 1987 WL 19633, at *2. The same result will be reached here.

## CONCLUSION

For the foregoing reasons, the motion for summary judgment is granted, and judgment will be entered for the defendants.

SO ORDERED.