OPINION OF THE COURT
Memorandum.
Judgment unanimously affirmed without costs.
*39 In this action, plaintiff seeks to recover tuition incurred for the continued attendance of defendants’ two children at a school within its district following the family’s relocation outside its boundaries.
The court below properly found that the decision and order of the Commissioner of Education, that defendants were not entitled to a waiver of the tuition duly set by the plaintiff, estopped defendants from relitigating the issue of whether they were entitled to have their children remain in their school in the district until the end of the school year without paying tuition, as the proceeding before the Commissioner was quasi-judicial in nature, provided a full and fair opportunity to litigate, and the parties and issues involved are both identical (see generally Ryan v New York Tel. Co., 62 NY2d 494 [1984]; Matter of Board of Educ. of Union Free School Dist. No. 2 of Town of Brookhaven v Graves, 214 App Div 40 [1925]). The statement of the Commissioner that a decision would not be rendered “on a state of facts which no longer exists or which subsequent events have laid to rest” clearly refers to the issue whether defendants’ children would be permitted to attend one of plaintiffs schools, not whether they, as admitted nonresidents, were entitled to do so tuition free. As noted by the Commissioner, the law contemplates tuition free education only for residents of a particular school district, with narrow exceptions not applicable here (Education Law § 3202 [1], [2]). Moreover, the Board of Education of the plaintiff school district has in place a clearly worded policy, the propriety of which defendants have not challenged either before the Commissioner or on this appeal, specifically providing in accordance with the Education Law that “[t]he Board of Education may permit students currently resident in the District who are relocating outside the District to continue as tuition students for a limited time, provided space is available and behavior is appropriate.” This is precisely the situation in which defendants’ children were placed.
We note that school tax offsets against tuition are contemplated only in cases in which nonresident families own and pay school taxes upon property located within a district in which their nonresident children attend school (Education Law § 3202 [3]).
McCabe, P.J., Rudolph and Angiolillo, JJ., concur.