■ CARL S. LEVINE & ASSOCIATES, P.C., Appellant, v SHELDON KLEEGER, Respondent, et al., Defendant. [798 NYS2d 435]—

In an action, inter alia, to recover a contingent legal fee and to enforce an attorney's lien under Judiciary Law § 475, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lally, J.), entered January 8, 2004, which granted the defendant Sheldon Kleeger's motion for summary judgment dismissing the complaint insofar as asserted against him, and denied, as academic, its cross motion for summary judgment on the fifth, seventh, eighth, and ninth causes of action.

Ordered that the order is affirmed, with costs.

In January 1999 Jeffrey Kleeger (hereinafter the client) entered into a contingent fee agreement with the plaintiff law firm to prosecute a mortgage foreclosure action against, among others, the respondent, Sheldon Kleeger. Pursuant to that agreement, the plaintiff would retain 33$^{1}$/$_{3}$% "of any money that may come into its hands," plus disbursements. In addition, the plaintiff and the client agreed "not to settle this matter in any manner without the other's written consent."

By order entered April 27, 2001, in the mortgage foreclosure action, the Supreme Court granted the client's motion for summary judgment on the issue of liability. In October 2001 the client, without the plaintiff's consent, decided to "put an end to this litigation" and executed a satisfaction of the mortgage.

The plaintiff moved in the mortgage foreclosure action to impose a charging lien for its fees, which it computed to be in the sum of $68,305.65. This sum constituted 33$^{1}$/$_{3}$% of the principal sum of the mortgage of $85,000, interest from September 1, 1991, to June 2001, in the sum of $85,000, and legal fees and expenses in the sum of $36,986.84. By order dated February 20, 2002, the motion was granted to the extent of directing a hearing to determine the amount of a reasonable attorney's fee on the grounds that the action did not produce a fund upon which to impose a lien and there was no collusion between the client and the respondent to deprive the plaintiff of its fee. The Supreme Court further found that the contingent fee demanded by the plaintiff was unreasonable and directed the hearing to fix a reasonable attorney's fee. The client filed a

notice of appeal from the order dated February 20, 2002. That appeal was dismissed by decision and order on motion of this Court dated March 28, 2003 (App Div docket No. 2002-06897), on the ground that the client was not aggrieved by that order.

Thereafter, the plaintiff commenced the instant action, inter alia, to recover a contingent legal fee and to enforce an attorney's lien under Judiciary Law § 475. Although the client, who is apparently a Florida resident, was named as a defendant in this action, the plaintiff was unable to serve him. The order appealed from, among other things, granted the respondent's motion for summary judgment dismissing the complaint insofar as asserted against him, inter alia, on the ground that the plaintiff's contentions were previously rejected in the mortgage foreclosure action. We affirm.

Since the plaintiff's contentions were previously rejected in the mortgage foreclosure action, the plaintiff is precluded from raising those very same claims in the instant action (*see Ryan v New York Tel. Co.*, 62 NY2d 494, 500-501 [1984]). It is clear from the record that there was no money recovered in the foreclosure upon which to impose a contingent fee. Further, since the court in the mortgage foreclosure action determined that the claimed fee of $68,305.65 was excessive and directed a hearing to determine a reasonable fee, the plaintiff should pursue that remedy against its client.

The plaintiff's remaining contentions are without merit. S. Miller, J.P., Goldstein, Crane and Lifson, JJ., concur.