**David ROEMER, Plaintiff–Appellant,**

v.

**BOARD OF EDUCATION OF THE CITY OF NEW YORK, Joyce Choppin, Tom Pappas, Public Employment Relations Board, Herbert Monte Levy, Defendants–Appellees.**

Docket No. 04–2126.

United States Court of Appeals, Second Circuit.

Sept. 23, 2005.

David Roemer, for Plaintiff–Appellant, pro se.

Scott Shorr, Senior Counsel (Michael A. Cardozo, Corporation Counsel, the City of New York Law Department), on behalf of the New York City Department of Education and Joyce Choppin, New York, NY, James R. Sandner (New York State United Teachers), on behalf of Tom Pappas, New York, NY, for Defendants–Appellees.

Present: MINER, WESLEY, Circuit Judges, and RAKOFF, District Judge.[1]

## SUMMARY ORDER

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. Plaintiff *pro se* raises claims against a host of defendants. We analyze plaintiff's various claims in turn. "We may affirm [the dismissal] on any ground with support in the record, even if it was not the ground relied on by the District Court." *Palmer v. Occidental Chem. Corp.*, 356 F.3d 235, 236 (2d Cir.2004) (affirming the dismissal of a Title VII claim).

At the outset, we note that Roemer does not challenge any aspect of the district court's dismissal as it relates to defendants-appellees Pappas, Levy, or the New York City Public Employment Relations Board. Accordingly, he has waived any challenge to the district court's judgment of dismissal with respect to these defendants. *See, e.g., LoSacco v. City of Mid-*

*dletown,* 71 F.3d 88, 92–93 (2d Cir.1995). As a result of Roemer's waiver, what remains of his Complaint alleges that the New York City Department of Education ("DOE") denied him due process of the law by holding a hearing under New York Education Law § 3020–a ("3020–a hearing") after entering into a binding stipulation that provided for his continued employment; and that the DOE violated his First Amendment rights by discharging him in retaliation for his invocation of the grievance procedure in the Collective Bargaining Agreement. Roemer also alleges that section 3020–a violates equal protection of the law and due process by forcing tenured teachers to appeal 3020–a hearings via New York CPLR Article 75 instead of Article 78.

Roemer's claims against the DOE (and, therefore, Choppin, a DOE superintendent) fail under the doctrine of collateral estoppel. Collateral estoppel, also termed issue preclusion, applies to administrative adjudications, including 3020–a hearings. *See Burkybile v. Bd. of Educ. of Hastings–on–Hudson Union Free Sch. Dist.,* 411 F.3d 306, 310–12 (2d Cir.2005). In order for preclusive effect to attach to issues or facts adjudicated in administrative proceedings, the otherwise-applicable preclusion rules must be met. *See Ryan v. New York Tel. Co.,* 62 N.Y.2d 494, 499–502, 478 N.Y.S.2d 823, 467 N.E.2d 487 (1984). That is to say, an issue must have been raised, litigated, decided, and necessary to the decision issued. *See id.*

▮ Here, Roemer admits in his 28(j) letter that the majority of the panel members presiding over the 3020–a hearing found that he was terminated for cause.

---

1. The Honorable Jed S. Rakoff, United States District Court, Southern District of New York, sitting by designation.

That finding rebuts any claim that Roemer's discharge was executed in retaliation for the exercise of any First Amendment right to utilize the grievance process. *Cf. Burkybile*, 411 F.3d at 313 (accepting finding that plaintiff "was terminated for just cause" based on 3020–a hearing). Thus, plaintiff's First Amendment claim fails as a matter of law and was appropriately dismissed. We note in passing that plaintiff's claim that the 3020–a proceeding was tainted by fraud fails, as he proffers only bald allegations of the alleged fraud.

■ Roemer's due process claim also fails. His only possible claim is based upon an unsigned stipulation, which states that it "shall not be binding until all final signatures are affixed hereto." The stipulation is not signed by any defendants. Roemer argues that the defendant's failure to abide by the stipulation (and not terminate him) violated his due process rights. But this argument contradicts the terms of the putative agreement, which never became effective.

We summarily reject Roemer's facial challenge to New York Education Law section 3020–a. Roemer argues that the law denies due process and equal protection of the law. This is clearly not the case. The law sets out the procedures for challenging claims like the ones brought against Roemer and provides all the process due. Further, there is no indication that the law denies equal protection to any class of individuals.

We have considered Roemer's remaining arguments and find them without merit.

Accordingly, for the reasons set forth above, the judgment of the district court is hereby AFFIRMED.