09-3594-cv
*Lawrence v. Town of Brookhaven Department of Housing*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this Court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of September, two thousand ten.

PRESENT:    DEBRA ANN LIVINGSTON
            GERARD E. LYNCH,
                            *Circuit Judges*,
            WILLIAM K. SESSIONS III,
                            *District Judge*.*

---

DEIRDRE LAWRENCE,
            *Plaintiff-Appellant*,

-v.-                                          09-3594-cv

TOWN OF BROOKHAVEN DEPARTMENT OF HOUSING, COMMUNITY DEVELOP-
MENT & INTERGOVERNMENTAL AFFAIRS, VALERIE J. BISCARDI, Individually and in
her official capacity as Commissioner of the Town of Brookhaven Department of Housing,
Community Development & Intergovernmental Affairs, ROSEANN D. GALLAGHER,
Individually and in her official capacity as Rental Subsidy Program Coordinator for the Town of
Brookhaven Department of Housing, Community Development & Intergovernmental Affairs,
and JAMES RYAN, Individually and in his official capacity as Hearing Officer for the Town of
Brookhaven Department of Housing, Community Development & Intergovernmental Affairs,
            *Defendants-Appellees*.

---

*The Honorable William K. Sessions III, Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

Michael Wigutow, of counsel, Nassau/Suffolk Law Services Committee, Inc. (Jeffrey Seigel, *on the brief*), *for Plaintiff-Appellant*

Diane K. Farrell, Devitt Spellman Barrett, LLP (Jeltje deJong and Marie Michel, *on the brief*), *for Defendants-Appellees*.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED.

Plaintiff-Appellant Deirdre Lawrence appeals from opinions and orders of the United States District Court for the Eastern District of New York (Seybert, J.) dated December 26, 2007, and July 27, 2009. The former adopted the magistrate judge's Report and Recommendations (Wall, Mag. J.), denying a preliminary injunction, and granted in part Defendants-Appellees' motion to dismiss. The latter dismissed Plaintiff's remaining claims with the consent of both parties. Lawrence urges us to reverse the district court's decisions on the grounds that (1) the decision of an earlier informal administrative hearing should have been granted res judicata or collateral estoppel effect to prevent termination of her housing benefits, (2) Defendants' actions in the case were inconsistent with the federal regulatory scheme governing the federal Section 8 Housing Choice Voucher Program, and (3) the specific dismissal of her claims against the Brookhaven Department of Housing was improper because the termination of her housing benefits resulted from a "policy, practice, or custom" of the Department. We assume the parties' familiarity with the underlying facts and procedural history.

1. Claim or Issue Preclusion

Lawrence disputes Defendants' decisions to terminate her housing benefits received pursuant to the Section 8 Housing Assistance Payments Program of the United States Housing Act of 1937,

as amended by the Housing and Community Development Act of 1974, codified at 42 U.S.C. § 1437f (hereinafter "Section 8"). Her first claim is that the decision to terminate her assistance was improper, violating her due process rights, because it failed to give claim- or issue-preclusive effect to the determination of an earlier informal hearing held by Defendant Brookhaven Department of Housing that had refused to sustain an initial decision to terminate her benefits.

The claim necessarily fails. The degree of both claim- and issue-preclusive effect to be given to a state court or administrative decision is a question generally committed to state law. 28 U.S.C. § 1738. That fact alone casts considerable doubt on the proposition that the Due Process Clause requires a state to give some particular degree of preclusive effect to an administrative hearing of the sort at issue here. Lawrence cites no authority, and we have found none, for the proposition that a local housing authority hearing, or indeed any state administrative hearing, must be given claim- or issue-preclusive effect as a matter of due process. Nor can it be said that New York law itself would clearly give preclusive effect to the hearing at issue here. New York gives "conclusive effect to the quasi-judicial determinations of administrative agencies when rendered pursuant to the adjudicatory authority of an agency to decide cases brought before its tribunals employing procedures substantially similar to those used in a court of law." *Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 499 (1984) (citation omitted). What constitutes such a "quasi-judicial determination" is highly context-dependent. Neither party cites New York authority applying the *Ryan* standard to a hearing of the sort at issue here. In *Josey v. Goord*, 9 N.Y.3d 386, 389 (2007), the New York Court of Appeals declined to give preclusive effect to a prison disciplinary hearing, a proceeding that resembles a judicial trial at least as much as does the hearing accorded Lawrence. While the case is arguably distinguishable, given the special circumstances attending prison discipline, it is sufficient to

3

demonstrate that the preclusive effect of a hearing such as this under New York law is far from clear.

We need not address whether the failure to give preclusive effect to an administrative hearing in clear violation of state law could ever constitute a due process violation. It is sufficient to dispose of Lawrence's claim to note that the failure to give preclusive effect to a state administrative hearing, in a setting in which there is no clear-cut right to such effect as a matter of state law, cannot be a violation of federal constitutional due process rights.

2. Compliance with the Federal Regulatory Scheme

Plaintiff also asserts that the termination of her benefits in this case was inconsistent with the federal regulatory scheme governing Section 8. Specifically, she claims it was inconsistent with a provision that requires a public housing agency to establish standards for termination when it determines that a household member is "currently engaged in any illegal use of a drug" or that "[a] pattern of illegal use of a drug by a household member interferes with the health, safety, or right to peaceful enjoyment of the premises by other residents," 24 C.F.R. § 982.553(b)(1)(i). Because the Brookhaven Department of Housing made no determination with respect to Lawrence that her drug-related criminal activity was either current or interfered with "the health, safety, or right to peaceful enjoyment of the premises" of her neighbors, Lawrence argues termination of her benefits was improper.

However, as the district court correctly concluded, the public housing agency in this case in fact terminated Lawrence's housing payments pursuant to a different provision of the regulations governing the Section 8 program. This provision of the regulations requires a public housing agency to establish standards for terminating benefits when "any family member has violated the family's obligation under § 982.551 not to engage in any drug-related criminal activity." 24 C.F.R. §

4

982.553(b)(1)(iii). Pursuant to this provision, the Brookhaven Administrative Plan provides that it will terminate assistance to "participants who have been . . . [a]rrested and/or evicted from a unit assisted under any Federally assisted housing program for drug-related or violent criminal activity during participation in the program and within the last three (3) years prior to the date of the notice to terminate assistance." Termination of Lawrence's benefits was thus valid under this provision, which itself is a permissible implementation of the federal regulations by the local housing authority. While Lawrence stresses that the drug-related activity for which she was arrested and convicted occurred while she was a participant in a separate Section 8 program administered by the Town of Babylon, neither the federal regulations nor the Brookhaven Administrative Plan suggest that the housing agency is required to withhold termination on this basis. Further, while she raises mitigating factors that the housing agency did not consider in terminating her benefits, the district court properly recognized that consideration of those factors by the housing agency is discretionary under the federal regulations. As a result, the housing agency's failure to consider those factors in terminating benefits in this case was not improper. *See* 24 C.F.R. § 982.552(c)(2)(i). Thus, we reject Lawrence's claim that the termination of her housing benefits was inconsistent with the federal regulatory scheme.[2]

3. Failure to Satisfy the Pleading Requirements for a Municipal Liability Claim

Having determined that there is no constitutional violation here, we need not address any other issues to reject Lawrence's claim against the Brookhaven Department of Housing under *Monell*

---

[2]Plaintiff argues in her submission to this court that her termination was also inconsistent with the Brookhaven Administrative Plan itself. However, this claim was not raised in any of her submissions to the district court. As a result, it has not been properly preserved on appeal and we will not consider it. *See, e.g.*, *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132-33 (2d Cir. 2008).

*v. Department of Social Services*, 436 U.S. 658 (1978).

We have considered Lawrence's other arguments on appeal and find that they are without merit or moot. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk