Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered May 21, 2012, which granted so much of plaintiffs motion as sought summary judgment on the issue of defendant’s liability and ordered a trial on damages, unanimously affirmed, with costs.
In this action for the return of funds paid to defendant for the sale of land and construction of a new home, the motion court correctly determined that defendant was barred from relitigating the issue of whether he misappropriated plaintiffs funds. At defendant’s administrative proceeding before the New York Department of State’s Division of Licensing Services, de *534 fendant admitted to violating article 37 of the General Business Law by commingling and failing to deposit the funds into an escrow account. Since this action involves the same issues raised in the administrative proceeding and defendant had a full and fair opportunity to litigate the matter at that proceeding, defendant’s admissions were properly given preclusive effect under the doctrine of collateral estoppel (see Ryan v New York Tel. Co., 62 NY2d 494, 499-501 [1984]). Concur—Friedman, J.P., Sweeny, Renwick, Freedman and Roman, JJ.