■ MICHAEL ROBINSON, Appellant, v 1528 WHITE PLAINS ROAD REALTY, INC., et al., Respondents, et al., Defendant. [26 NYS3d 74]—

Judgment, Supreme Court, Bronx County (Lucindo Suarez, J.), entered September 19, 2013, dismissing the complaint as against defendants 1528 White Plains Road Realty, Inc. and Harry Balsamo (defendants), unanimously affirmed, without costs. Appeal from order, same court and Justice, entered August 16, 2013, which, to the extent appealed from, granted defendants' motion to dismiss the complaint against them, and appeal from order, same court and Justice, entered on or about November 6, 2013, which, to the extent appealable, denied plaintiff's motion to renew defendants' cross motion to dismiss, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The motion court correctly dismissed the complaint against

defendants as barred by the doctrine of collateral estoppel. The issues raised in this action were fully litigated and decided against plaintiff in a Civil Court proceeding (*Ryan v New York Tel. Co.*, 62 NY2d 494, 500-501 [1984]; *see also Bell v Alden Owners*, 299 AD2d 207, 208 [1st Dept 2002], *lv denied* 100 NY2d 506 [2003]). Plaintiff had a full and fair opportunity to litigate in the Civil Court (62 NY2d at 501). To the extent any issue in this action was not raised and decided in the Civil Court proceeding, plaintiff's claims in this action are barred by the doctrine of res judicata, as his claims arise out of the same transaction or series of transactions as the claims raised and brought to a final conclusion in the Civil Court proceeding (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]).

The motion court correctly denied plaintiff's motion to renew, because he did not proffer a reasonable excuse for his failure to submit the new evidence when initially opposing defendants' cross motion (*see 225 Fifth Ave. Retail LLC v 225 5th, LLC*, 92 AD3d 471, 472 [1st Dept 2012]). In any event, as noted by the motion court, the new evidence would not have changed the motion court's original determination. Concur—Acosta, J.P., Renwick, Andrias and Moskowitz, JJ.