OPINION OF THE COURT
Dennis K. McDermott, J.
In 2011, the defendant was convicted in this court upon his plea of guilty to one count of rape, first degree. In his plea al-locution, he admitted that at age 20 he engaged in sexual intercourse with a 12-year-old female. He is scheduled to be released from prison on February 25, 2017 and it is now the obligation of this court to determine his risk of reoffending. (Correction Law art 6-C.)
The Board of Examiners of Sex Offenders has provided this court with its risk assessment instrument in which it scores various factors which it contends are relevant to this determination, among them a finding that the defendant had been found guilty of sexual misconduct while incarcerated resulting in 20 points being added to his risk factor score.*
In support of those points, the Board’s case summary notes that the defendant was found guilty of a tier III disciplinary violation on December 28, 2015 arising from a series of letters he wrote to his 16-year-old stepsister in which he proposes that the two of them engage in a sexual relationship once he is released from prison. Among other things, he asked if she liked to masturbate and participate in various other sexual practices and informed her that he is “way too big” for her, that “not many can handle me” and that if they do engage in a sexual relationship she will be “begging me to stop.” During his incarceration, the defendant had been found guilty of seven other tier II violations.
*721 At his January 26, 2017 appearance, the defendant, through counsel, informed the court that he is innocent of those tier III charges, that the letters were maliciously written by other inmates and that he was too frightened and intimidated to participate in the disciplinary hearing. He now wants an opportunity to contest those charges in an effort to remove those points from his risk factor score. The court invited both the defendant and the People to submit memoranda of law by February 17 on the specific issue of whether the defendant is collaterally estopped from challenging that administrative determination.
The court concludes that the defendant is collaterally estopped from doing so. Collateral estoppel is a form of the general doctrine of res judicata which “precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same” (Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]). For a party to be collaterally estopped,
“the issue must have been material to the first action or proceeding and essential to the decision rendered therein, and it must be the point actually to be determined in the second action or proceeding such that a different judgment in the second would destroy or impair rights or interests established by the first” (id. at 500-501 [internal citations and quotation marks omitted]).
Like res judicata, collateral estoppel springs from the notion that once a cause of action or an issue has been fairly and impartially brought to a final determination, all further litigation of that issue should be forever precluded. Collateral estop-pel applies to administrative and other quasi-judicial determinations rendered under lawful authority. Such determinations, when final, are binding and conclusive on the courts (id. at 499-500).
The procedural rules applicable in inmate disciplinary proceedings are set forth in 7 NYCRR part 253. The inmate is afforded in advance a written specification of the alleged violation(s) and an opportunity to be heard and present evidence in his defense with the help of an “assistant.” There is an appeal process.
The issue presented in the disciplinary proceeding is identical to the issue relevant here. It is uncontroverted that the de *722 fendant was given a full and fair opportunity to appear and be heard in opposition to the charges and to appeal the outcome. That he chose not to avail himself of that opportunity, regardless of his reasons for such failure, does not rob the administrative determination of its binding effect (Matter of Rossi v Portuondo, 275 AD2d 823 [3d Dept 2000], lv denied 96 NY2d 703 [2001]).
Accordingly, the defendant is precluded from challenging the validity of the tier III disciplinary determination or to reopen in any manner the allegations raised therein.

 The defendant’s total risk factor score as proposed by the Board is 145 points which would support a presumptive level three (high risk) determination.