Bizounouya v CNA Ins. Co. (2023 NY Slip Op 04919)

Bizounouya v CNA Ins. Co.

2023 NY Slip Op 04919

Decided on October 03, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2023

Before: Oing, J.P., Friedman, Kennedy, Shulman, Pitt-Burke, JJ. 

Index No. 300082/19 Appeal No. 705&M-3854 Case No. 2022/05399 

[*1]Daourou Bizounouya, Plaintiff-Appellant,
v
CNA Insurance Company et al., Defendants-Respondents.

Daourou Bizounouya, appellant pro se.
Kennedys Law LLP, New York (Nitin Sain of counsel), for CNA Insurance Company, respondent.
Peter C. Merani P.C., New York (Samuel A. Kamara of counsel), for Allstate Insurance Company, respondent.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about August 29, 2022, which, to the extent appealed from as limited by the briefs, granted defendant Allstate Insurance Company's cross-motion to dismiss the complaint pursuant to CPLR 3211(a)(5), unanimously affirmed, with costs.
Plaintiff's claims are barred by the doctrine res judicata because they arise out of the same transaction — the June 2007 motor vehicle accident — underlying the two prior actions brought by plaintiff against defendants, which have been settled and discontinued (see Matter of People v Applied Card Sys., Inc., 11 NY3d 105, 124-125 [2008], cert denied 555 US 1136 [2009]; Matter of Hunter, 4 NY3d 260, 269 [2005]). To the extent plaintiff seeks to challenge the settlement as fraudulently procured by his attorney, he is collaterally estopped from doing so (see Ryan v New York Tel. Co., 62 NY2d 494, 500-501 [1984]). Plaintiff had a full and fair opportunity to litigate the issue of the validity of the settlement in the prior action brought against his attorney, and the court's ruling that plaintiff had received the settlement funds and ratified the settlement precludes relitigation of the issue. Moreover, any claim by plaintiff to recover additional monies from Allstate has been resolved by this Court's prior ruling that plaintiff is not entitled to additional recovery (see Matter of Allstate Ins. Co. v Bizounouya, 195 AD3d 511 [1st Dept 2021]). Furthermore, any further litigation against CNA related to the accident is foreclosed by plaintiff's execution of a release (see Allen v Riese Org., Inc., 106 AD3d 514, 516 [1st Dept 2013]).
We decline defendants' request for sanctions pursuant to 22 NYCRR 130-1.1.
We have considered plaintiff's remaining contentions and find them unavailing. M-2023-3854 — Bizounouya v Allstate Insurance Company Motion by plaintiff for sanctions, denied.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2023