■ KATERI RESIDENCE, a Not-For-Profit Corporation, et al., Respondents-Appellants, v ANTONIA C. NOVELLO, M.D., as Commissioner of Department of Health of State of New York, et al., Appellants-Respondents. [945 NYS2d 9]—

Order and judgment (one paper), Supreme Court, New York County (Paul G. Feinman, J.), entered April 15, 2010, which, inter alia, granted plaintiffs' motion for partial summary judgment to the extent of adjudging and declaring that defendants' inclusion of reserved bed patient days in the total of patient days in the calculation of plaintiffs' base per diem Medicaid rate is invalid, and directing defendants to recalculate plaintiffs' Medicaid rates accordingly, and granted defendants' cross motion for partial summary judgment to the extent of dismissing as moot the "rebasing" claims of plaintiffs Skyview Haven Nursing Home, Palm Gardens Nursing Home, Palm Tree Nursing Home, Elant at Newburgh, Inc., Eastchester Park Nursing Home, Split Rock Nursing Home, German Masonic Home Corp., Cedar Manor, Inc., New Sans Souci Nursing Home, Terence Cardinal Cooke Health Care Center, St. Vincent de Paul Nursing Home, Glen Arden, Inc., and Elant at Goshen, Inc., unanimously modified, on the law and the facts, to the extent of vacating the grant of defendants' cross motion, reinstating the "rebasing" claims for time periods that were not yet rebased, remanding the cross motion for further proceedings, and otherwise affirmed, without costs.

While deference is generally given to an agency's interpretation of its regulations, Supreme Court properly concluded that the Department of Health's (DOH) inclusion of reserved bed patient days in the total of patient days when calculating plaintiff nursing facilities' base per diem Medicaid reimbursement rate, is irrational, unreasonable and contrary to the plain language of 10 NYCRR 86-2.8—the controlling regulation (*see Matter of Nazareth Home of the Franciscan Sisters v Novello*, 7 NY3d 538, 544 [2006]; *Matter of Visiting Nurse Serv. of N.Y. Home Care v New York State Dept. of Health*, 5 NY3d 499, 506 [2005]). Indeed, the regulation makes clear that "patient days"

and "reserved bed patient days" are mutually exclusive, are to be calculated separately, and bear no relation to each other (10 NYCRR 86-2.8 [a], [d]).

In addition, DOH is collaterally estopped from relitigating this issue. In a prior administrative decision by the Department of Social Services (DSS) entitled *Matter of Ramapo Manor Nursing Home* (Fair Hearing No. 2239398Y, at 7), the Administrative Law Judge (ALJ) determined that 10 NYCRR 86-2.8 (d) prohibits reserved bed days from being included in and treated as patient days. There is no dispute that the issue in *Ramapo* was identical to the issue here, that there was a full and fair opportunity to litigate the issue before the ALJ, and that DOH was in privity with DSS (*see Jeffreys v Griffin*, 1 NY3d 34, 39 [2003]; *Ryan v New York Tel. Co.*, 62 NY2d 494, 499 [1984]). Contrary to defendants' contention, the issue in *Ramapo*— namely, whether auditors accurately computed the number of patient days—was a mixed question of law and fact and was within DSS's purview (*see Matter of Nyack Nursing Home v Dowling*, 230 AD2d 42, 43 n 1 [1997]). Further, we note that DOH never took any action to abrogate or challenge the administrative decision, and, in fact, complied with the decision and recalculated Ramapo Manor's rate for the years covered in the administrative proceeding and all subsequent years.

While defendants concede that 4 of the 13 rebasing claims at issue are not moot to the extent they involve time periods before the effective date of rebasing, they do not support their contention that the remaining claims are moot, and we find that no basis exists for finding them moot. Accordingly, we reinstate the claims to the extent indicated. Because Supreme Court did not reach defendants' other arguments for dismissal of the 13 claims, we remand for consideration of those arguments. Concur—Tom, J.P., Andrias, Renwick, DeGrasse and Abdus-Salaam, JJ.