■ In the Matter of THE BRONX-LEBANON HIGHBRIDGE WOODY-CREST CENTER, Respondent-Appellant, v RICHARD F. DAINES, M.D., et al., Appellants-Respondents. [47 NYS3d 273]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered September 22, 2015, which, to the extent appealed from as limited by the briefs, declared that, for the period at issue, in the formula used to calculate Medicaid reimbursement rates, "patient days" shall not include "reserved bed patient days," and directed respondent Department of Health (DOH) to recalculate petitioner's Medicaid reimbursement rate accordingly, and dismissed the third, fourth, fifth, and sixth causes of action, unanimously modified, on the law, to reinstate the third, fifth, and sixth causes of action, to declare, upon the third cause of action, that petitioner is not entitled to an add-on under the federal Omnibus Budget Reconciliation Act of 1987 (OBRA) for the period at issue, and, upon the fifth and sixth causes of action, to annul DOH's proportional adjustment of Medicaid reimbursements to petitioner on reimbursements that did not derive from prior adjustments pursuant to Public Health Law § 2808 (2-b) (b) and (g), and to declare that DOH erroneously imposed such proportional adjustments on petitioner, and otherwise affirmed, without costs.

Pursuant to the unambiguous language of chapter 58, part D, section 2 of the Laws of 2009, only adjustments to petitioner's Medicaid reimbursements received pursuant to Public Health Law § 2808 (2-b) (b), as further adjusted by Public Health Law § 2808 (2-b) (g), are subject to proportional readjustment. DOH's interpretation is contrary to the plain language of the law (*see Matter of Rosen v Public Empl. Relations Bd.*, 72 NY2d 42, 47 [1988]; *Kateri Residence v Novello*, 95 AD3d 619 [1st Dept 2012], *lv dismissed* 20 NY3d 1031 [2013]). We reject DOH's argument that it properly included

"reserved bed patient days" among "patient days" for purposes of calculating petitioner's Medicaid reimbursement rate for the reasons stated in *Kateri Residence* (95 AD3d at 619-620). However, DOH's conclusion that petitioner was not entitled to an OBRA add-on, which was subsumed in the recalculating of operating costs under the 2006 rebasing, is not irrational. Concur—Tom, J.P., Renwick, Saxe, Feinman and Gesmer, JJ.