**Tranghese v W 122 Enters. Group LLC**

2025 NY Slip Op 32366(U)

July 7, 2025

Supreme Court, New York County

Docket Number: Index No. 157241/2019

Judge: Lori S. Sattler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

`

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. LORI S. SATTLER** | **PART** | **02M** |
| | *Justice* | | |

-----------------------------------------------------------------------------X

CARLA TRANGHESE,

                                        Plaintiff,

                        - v -

W 122 ENTERPRISES GROUP LLC  DBA E 122 GROUP
LLC,E 122 ENTERPRISES GROUP LLC DBA E 122
GROUP LLC,E 122 GROUP LLC

                                        Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 157241/2019 |
| **MOTION DATE** | 01/14/2025 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145

were read on this motion and cross-motion
to/for                                        JUDGMENT - SUMMARY                    .

In this residential rent overcharge action, Defendants W 122 Enterprises Group LLC

d/b/a E 122 Group LLC and E 122 Enterprises Group LLC d/b/a E 122 Group LLC (collectively

"Landlord") seek summary judgment dismissing the Amended Complaint, while Plaintiff-tenant

Carla Tranghese ("Tranghese") cross-moves for summary judgment on the Amended Complaint.

Both motions are opposed.

Tranghese is the tenant of record of unit #5E ("Apartment") in a residential building

located at 105 East 122nd Street in Manhattan ("Building"), owned by the Landlord.  Tranghese

initially lived in the Apartment as a roommate of the prior tenant of record.  She later executed a

two-year, non-rent-regulated lease commencing June 1, 2005 for a monthly rent of $1,650.  At

the time, the Building was owned by non-party Up and East, Inc. ("Former Owner").  According

to Tranghese, the Landlord purchased the Building from the Former Owner on August 6, 2018.

[* 1]

Tranghese claims that she first examined the Apartment's rent registration history in 2019 after requesting documents from the New York State Division of Housing and Community Renewal ("DHCR"). She alleges those documents establish that the Former Owner ceased registering the Apartment as a rent stabilized unit in 2002 on the ground that it was exempt from registration due to high rent vacancy, and that that status was subsequently recorded on every DHCR rent registration statement through 2019 (NYSCEF Doc. No 9, "Amended Complaint," ¶¶ 33-41).

Tranghese commenced this action on July 24, 2019. She filed the Amended Complaint on November 7, 2019 which pleads causes of action for: 1) a declaratory judgment that the Apartment is a rent stabilized unit and establishing its correct monthly legal regulated rent; 2) an injunction ordering the Landlord to provide Tranghese with a rent stabilized lease for the Apartment at the correct monthly legal regulated rent; 3) rent overcharge in violation of Rent Stabilization Law ("RSL") § 26-516; and 4) attorney's fees pursuant to Real Property Law § 234. The Landlord filed an amended verified answer with affirmative defenses on November 5, 2021 (NYSCEF Doc. No. 54). The parties engaged in discovery and Tranghese filed a Note of Issue on April 30, 2024. The Landlord filed this motion for summary judgment to dismiss the Amended Complaint and Tranghese cross-moved for summary judgment in her favor.

A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case (*see e.g.*, *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Sokolow, Dunaud, Mercadier & Carreras v Lacher*, 299 AD2d 64, 70 [1st Dept 2002]). Once that showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of

**157241/2019   TRANGHESE, CARLA vs. W 122 ENTERPRISES GROUP LLC**
  **Motion No.  002**

**Page 2 of 9**

fact which require a trial of the action (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Pemberton v New York City Tr. Auth.*, 304 AD2d 340, 342 [1st Dept 2003]).

At the outset, the Court rejects the Landlord's argument that Tranghese's claims are barred by the doctrine of collateral estoppel because the DHCR previously denied an overcharge claim by another tenant in the Building. "Collateral estoppel applies when (1) the issues in both proceedings are identical; (2) the issue in the prior proceeding was actually litigated and decided; (3) there was a full and fair opportunity to litigate in the prior proceeding; and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits" (*Gersten v 56 7th Ave. LLC*, 88 AD3d 189, 201 [1st Dept 2011], citing *Ryan v New York Tel. Co.*, 62 NY2d 494, 500–501 [1984]). The Landlord asserts that the DHCR issued a decision against the other tenant on December 7, 2017 (*see* NYSCEF Doc. No. 90). That determination was made prior to changes in the law as discussed below (*see e.g., Apollo Asset Mgt., Inc. v Cernich*, 226 AD3d 466, 466 [1st Dept 2024] [intervening change in the law precludes reliance on the doctrine of collateral estoppel]), and in any event the two proceedings involve different parties and different apartments with different rental histories.

As to the merits, the parties devote a portion of their papers to addressing which version of the law applies to this case. Pursuant to RSL § 26-516(a), landlords are liable to complaining tenants when they are found to have overcharged above the authorized rent. In the version in effect prior to June 2019, complaining tenants who successfully showed rent overcharge were entitled to recovery for overcharges up to four years before the filing of the Complaint, and the statute contained a clause providing that "no determination of an overcharge and no award or calculation of an award of the amount of an overcharge may be based upon an overcharge having occurred more than four years before the complaint is filed" (L.2015, c. 20, pt. A, § 23, eff. June

**157241/2019   TRANGHESE, CARLA vs. W 122 ENTERPRISES GROUP LLC**
**Motion No.  002**

**Page 3 of 9**

3 of 9

26, 2015, deemed eff. June 15, 2015; L.2009, c. 480, § 1, eff. Oct. 9, 2009; L.1997, c. 116, § 28-b, eff. July 19, 1997, § 33, eff. June, 19, 1997). This prohibition against relying on rental history before the four-year recovery period is known as "the lookback rule."

The Housing Stability and Tenant Protection Act of 2019 ("HSTPA") went into effect on June 14, 2019. It lengthened the recovery period to six years and eliminated the lookback rule such that a plaintiff can now use all of their apartment's rental history to demonstrate an overcharge. In 2020, the Court of Appeals in *Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal*, held that the HSTPA does not apply retroactively to overcharges claims that occurred prior to the statute's effective date (35 NY3d 332, 363 [2020]). This action was commenced just after the effective date of the HSTPA, but it alleges overcharges that occurred prior to its enactment, therefore pre-HSTPA law requires.

In pre-HSTPA law, an exception to the lookback rule exists such that, if a complaining tenant can demonstrate that a landlord engaged in a "fraudulent scheme" to unlawfully inflate rents and/or to unlawfully deregulate rent stabilized units, a reviewing court may consider an apartment's entire rent and registration history "for the limited purpose of determining whether a fraudulent scheme to destabilize the apartment tainted the reliability of the rent on the base date," (*id*. at 354-56; quoting *Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin.*, 15 NY3d 358, 366-367 [2010]).

In 2024, the Legislature clarified that when a proceeding sets forth "a colorable claim" that an owner engaged in a fraudulent scheme to deregulate a unit, a court, in making its determination, must look at "the totality of the circumstances," considering "all of the relevant facts and all applicable statutory and regulatory law and controlling authorities" (L.2024, c. 95, §§ 2, 4, 5, eff. March 1, 2024, "Chapter Amendments"). "[T]here need not be a finding that all

**157241/2019   TRANGHESE, CARLA vs. W 122 ENTERPRISES GROUP LLC**
**Motion No.  002**

**Page 4 of 9**

of the elements of common law fraud . . . were satisfied . . . if the totality of the circumstances nonetheless indicate that such fraudulent scheme to deregulate a unit was committed" (*id.*). These amendments took immediate effect and "shall apply to any action or proceeding in any court . . . on the effective date of this act" (*id.*).

The Landlord asserts that pre-HSTPA applies and that Tranghese improperly seeks to have the court analyze her rent history "well beyond the four-year limitations period." Tranghese commenced this action on July 24, 2019, after the HSTPA's effective date but before the Court of Appeals decided *Regina*. So, while the Amended Complaint seeks relief under the HSTPA, there does not appear to be any dispute among the parties that the law in place pre-HSTPA now applies to Tranghese's claims. To that end, rather than relying on all older rental history as is permitted under the new law, Tranghese alleges that there was a fraudulent scheme to deregulate her unit. However, she argues that the Court is required to analyze this claim using the "totality of the circumstances standard." This is not disputed by the Landlord. As the Chapter Amendments clearly apply to all actions pending when they were implemented, the Court agrees (*see also Cox v 36 S Oxford St, LLC*, 237 AD3d 604, 606 [1st Dept 2025]; *Gomes v Vermyck, LLC*, — AD3d —, 2025 NY Slip Op 00849, *3-5 [2d Dept 2025]). The Court further finds that the Amended Complaint sets forth a colorable claim of fraud, requiring it to look at the totality of the circumstances. In establishing the existence of a fraudulent scheme under this standard, "plaintiffs do not need to prove all of the elements of common-law fraud so long as the totality of the circumstances nonetheless indicate that a fraudulent scheme to deregulate an apartment unit was committed" (*Gomes*, 2025 NY Slip Op 00849, *7-8). A reviewing court's task is to evaluate the circumstances set forth by the plaintiffs in their motion (*id.*).

**157241/2019   TRANGHESE, CARLA vs. W 122 ENTERPRISES GROUP LLC**
**Motion No.  002**

**Page 5 of 9**

[* 5]

5 of 9

The Landlord argues that it is entitled to summary judgment dismissing the Amended Complaint for failure to state a claim, contending it has submitted evidence that the apartments of the building were properly deregulated. Tranghese opposes and cross-moves for summary judgment, arguing she has presented documentary evidence of a fraudulent scheme to deregulate, that the Landlord has failed to meet its burden to prove that the rent charged complies with New York Law, and that the overcharges are willful.

Tranghese maintains the existence of fraudulent schemes both to deregulate all ten of the Building's rent stabilized units and to deregulate her Apartment specifically. As to the Building, she asserts the scheme "consisted first of failing to file DHCR rent registrations, and then filing backdated registrations . . . replete with inconsistencies, impossibilities, and/or brief tenancies that enabled the landlord to claim multiple vacancy increases within a single year, and, then, for the remaining rent-stabilized tenants, simply transferring the tenant's actual rent paid out of the legal regulated rent category while the Former Owner picked a legal regulated rent that was either one or two vacancy increases away from deregulation" (NYSCEF Doc. No. 120 at 9). With respect to her Apartment specifically, Tranghese asserts that the scheme involved a one-month tenancy that the Former Owner used to claim a full vacancy increase, plus the unjustified rent jump of $300 in rent for which the Defendant can show no record of any improvements that would justify any increases (*id.* at 8-9).

To support these allegations, Tranghese produces an expert affirmation from contractor Christopher J. Leahy ("Leahy"); a 2018 lease and an unexecuted 2019 lease; the Apartment's DHCR rent registration history from 1984 to 2018; the Building's DHCR rent roll from 1994 to 2018; a deposition transcript of the Landlord's principal officer; and copies of indictments for and guilty pleas to unrelated federal bid rigging and bribery charges that included that officer

**157241/2019   TRANGHESE, CARLA vs. W 122 ENTERPRISES GROUP LLC**
**Motion No.  002**

**Page 6 of 9**

6 of 9

[* 6]

(*id.*, NYSCEF Doc. Nos. 104-119). Tranghese claims that the DHCR records establish that the Former Owner unlawfully inflated rents in the building by claiming 20% "vacancy increases" to rents which the law did not authorize and by claiming permanent "individual apartment improvement" ("IAI") rent increases for work that was either non-qualifying or had never been performed. She argues that Leahy's testimony establishes that said IAI work was either non-qualifying or had never been performed (*id.*, NYSCEF Doc No. 120 at 8-12, 16-23).

In opposition, the Landlord annexes expert affirmations from contractor Milton Bermeo ("Bermeo") and engineer Sion Hourizadeh, P.E. ("Hourizadeh"); an affidavit from the president of the Former Owner, Adonis Mallios ("Mallios"); and copies of Department of Buildings records regarding certain work performed in the building in 1991 and 1992 (NYSCEF Doc. Nos. 125-135. The Landlord maintains that Bermeo's affirmation establishes that Leahy's expert opinion was speculative and that the remaining affirmations and records show that the Building was substantially renovated in 1992 and 1993 after it had been rendered uninhabitable by a fire, therefore the Building was lawfully deregulated (*id.*, NYSCEF Doc. No. 136 at 10-12).

The Court finds that none of the foregoing evidence is so dispositive as to warrant a grant of summary judgment regarding an alleged fraudulent scheme to deregulate either the Building or the Apartment. The Apartment's DHCR rent registration history records four large vacancy increases to its rent from 1999 to 2001 coupled with lower preferential rents charged to tenants of record who Tranghese claims never lived there (*see* NYSCEF Doc. No. 109). It also shows the Apartment became permanently exempt from rent registration in 2004 by virtue of "high rent vacancy," whereas Tranghese's initial 2005 lease, which is not attached to the papers, purportedly failed to include a rider explaining how the rent increases that justified deregulation had been calculated, as is mandated by the Rent Stabilization Code, 9 NYCRR § 2522.8 (*see*

**157241/2019   TRANGHESE, CARLA vs. W 122 ENTERPRISES GROUP LLC**                    **Page 7 of 9**
  **Motion No.  002**

7 of 9

*e.g.*, *65 Spring Realty v State Div. of Hous. & Cmty. Renewal*, 2023 NY Slip Op 33023[U] [Sup Ct, NY County 2023]). While this might evidence impropriety, it does not constitute *prima facie* evidence of a fraudulent scheme (*see e.g., Sandlow v 305 Riverside Corp.*, 201 AD3d 418, 419 [1st Dept 2022]; *see also Reichenbach v Jacin Invs. Corp.*, 237 AD3d 446 [1st Dept 2025]).

With respect to the IAIs, the Mallios and Hourizadeh affidavits coupled with the Department of Buildings records establish that certain work was performed in the Building in 1992 and 1993 (*see* NYSCEF Doc. Nos. 126-134). However, the Landlord's claim that this work resulted in the Building becoming deregulated at that time is belied by the Building's rent roll, which records that the majority of its units remained rent stabilized until 2004 (*id.*, NYSCEF Doc. No. 112). Furthermore, Leahy's affirmation opines that no qualifying IAI work appears to have been performed in the Apartment at the commencement of Tranghese's tenancy (*see* NYSCEF Doc. No. 105). Leahy's opinion is challenged by Bermeo's expert affirmation, although it does not appear that Bermeo actually inspected the unit (*id.*, NYSCEF Doc. No. 125). These differences constitute questions of fact regarding the purported IAI work.

The Court concludes that the documents submitted are insufficient to establish a fraudulent scheme to deregulate the Building, and that the affidavits submitted herewith raise triable issues of fact regarding both the propriety of apartment deregulations in the Building and whether qualifying IAI work was performed in the Apartment. Accordingly, the Court finds that neither party has demonstrated entitlement to summary judgment.

Even if the Court were to find that Tranghese was entitled to summary judgment on her claim that the Landlord improperly deregulated the Apartment, and were to determine the legal regulated rent, Tranghese fails to establish what she would be entitled to in damages. The parties

**157241/2019   TRANGHESE, CARLA vs. W 122 ENTERPRISES GROUP LLC**
**Motion No.  002**

**Page 8 of 9**

8 of 9

[* 8]

have not produced copies of all of the Apartment's relevant leases or any record of rent payments. Thus, the Court is unable to discern the rent charged or the rent paid at this time.

Finally, with respect to Tranghese's other three causes of action, which are not discussed in her motion, the Court notes that it was unnecessary for her to have pled them as separate claims since declaratory and injunctive relief and attorney's fees are all items of damages which may be obtained under RSL § 26-516.

Accordingly, both parties' summary judgment motions are denied.

This constitutes the Decision and Order of the Court.

| __7/7/2025__ | | | | |
| **DATE** | | | | **LORI S. SATTLER, J.S.C.** |

| CHECK ONE: | | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**157241/2019   TRANGHESE, CARLA vs. W 122 ENTERPRISES GROUP LLC**
**Motion No.  002**

**Page 9 of 9**

9 of 9